**LITE DEPALMA GREENBERG & RIVAS, LLC**
Joseph J. DePalma, Esq.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Phone: (973) 623-3000
Fax: (973) 623-0211

**NEWMAN, CREED & ASSOCIATES**
Bruce E. Newman, Esq.
Kevin E. Creed, Esq.
99 North Street, Rte. 6
P.O. Box 575
Bristol, CT 06011-0575
Phone: (860) 583-5200
Fax: (860) 582-0012

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Todd Sokolowski, Individuallly and on Behalf of All Other Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS, INC., MENU FOODS, MENU FOODS INCOME FUND, and THE IAMS COMPANY<br><br>Defendants. | Civil Action No. 07-1709<br><br>**FIRST AMEDED CLASS ACTION COMPLAINT** |

Plaintiff Todd Sokolowski brings this class action complaint against Menu Foods, Inc., Menu Foods, Menu Foods Income Fund and its related entities ("Menu Foods") and The Iams Company ("IAMS") to seek redress for himself and other individuals injured by sale of contaminated pet food throughout the United States.

### NATURE OF THE ACTION

1.     Menu Foods, one of the largest pet food manufacturers in the world,

recently issued a mass recall of 42 brands of cat food and 51 brands of dog food. The first recall was issued on March 16, 2007 and recalls have continued.

2.    That recall was issued belatedly as a result of evidence that the pet food in question was contaminated with a potentially lethal agent.

3.    When ingested by an animal, the contaminated pet food can cause immediate renal failure, resulting in complete shutdown of the animal's kidneys and, ultimately its death.

4.    Menu Foods' actions in selling the contaminated food and failing to issue the recall sooner were reckless and in breach of its duties and warranties to its customers.

5.    Those actions were a proximate cause of injury to and the deaths of currently untold numbers of pets, including plaintiff Todd Sokolowski's cats, as described more fully below.

6.    On behalf of a nationwide class, Todd Sokolowski seeks redress for that misconduct.

## PARTIES

7.    Plaintiff Todd Sokolowski is a citizen of Connecticut, residing in Enfield, Hartford County, CT. Plaintiff Sokolowski purchased and fed his cats Iams pet food that was manufactured by Menu Foods and labeled by Iams. Sokolowski had two cats affected by the tainted adult cat food. One cat, Harley, was a healthy 12 year-old domestic short hair who was in acute renal failure as a result of being fed and ingesting the Iams wet food and had to be euthanized on March 15, 2007, one day before the recall. Sokolowski's other cat, a 4 year-old Maine Coon, has also suffered from acute renal failure and continues to be treated with

subcutaneous injections, intravenous fluids, and is being closely monitored as a result of eating the recalled food.

8. Defendant Menu Foods is the self-proclaimed "leading manufacturer of private-label wet pet food in North America." It is an entity formed as a trust in Ontario, Canada, and is also known as Menu Foods Income Fund and operates a factory in Pennsauken, New Jersey where it is also known as Menu Foods, Inc. with its headquarters at 9130 Griffith Morgan Lane, Pennsauken, New Jersey 08110. It does business throughout the United States.

9. Defendant the Iams Company is a food manufacturer, distributor and a company that private labels cans and pouches of food for Menu Foods. It is a Proctor & Gamble Company subsidiary with its headquarters in Cincinnati, Ohio.

## JURISDICTION AND VENUE

10. The Court has original jurisdiction over this complaint pursuant to 28 U.S.C. § 1332 (a) because (a) plaintiff and numerous members of his putative class are citizens of states different from those of which Menu Foods and IAMs are a citizen; (b) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (c) none of the jurisdictional exceptions contained in 28 U.S.C. ' 1332 (d)(4)-(5) applies to the instant action.

11. Venue is proper in this District pursuant to 28 U.S.C. ' 1391(b) and (c). The Defendant Menu Foods operates a factory in this District, has a corporate headquarters in this District, transacts business in this District, and many of the acts constituting the violations of laws alleged herein occurred in New Jersey.

## **FACTUAL ALLEGATIONS**

12. Defendant Menu Foods holds itself out to the public as a manufacturer of safe, nutritious, and high-quality dog and cat food. It produces over one billion cans of pet food annually and it sells these cans and pouches to other companies who then private label the food for retail sale. Menu Foods manufacturing facilities in the United States include Menu Foods, Inc., in Pennsauken, Jew Jersey and Menu Foods Midwest Corporation in Emporia, Kansas. The private label companies which purchase the product from Menu Foods include Defendant IAMS.

13. Defendants Menu Foods and IAMS all make numerous express warranties about the quality of their food and the quality of their manufacturing facilities.

14. For example, Menu Foods touts the claim that it "manufacture[s] the private label, wet pet-food industry's most comprehensive product program with the highest standards of quality" and it operates "state-of-the-art" manufacturing facilities in the United States and Canada.

15. Iams similarly claims that its pet foods are safe and nutritious.

16. Iams markets itself as a leader in the pet food industry and it intended for pet owners to believe its statements and trust that it pet food is of high quality.

17. Menu Foods similarly intended for pet owners to believe its statements and trust that its pet food is of first-rate quality.

18. On or about March 16, 2007, Menu Foods announced a recall of approximately 42 brands of "cuts and gravy" style dog food and 51 brands of "cuts and gravy" style cat food, all produced at Menu Foods' facilities in Emporia, Kansas, and in Pennsauken, New Jersey between December 3, 2006 and March 6, 2007. Over 60 million cans and pouches were recalled.

19. Weeks before the recall, Menu Foods had received numerous complaints

indicating that pet food originating from the Emporia plant was killing pets.

20.  As a result of these complaints, Menu Foods tested its food on approximately 40 to 50 pets. Seven of those pets died after ingesting the food. The exact causative agent or agents contained in the food is still under investigation by the FDA, however, the source currently suspected is wheat gluten which was from a Chinese supplier, Xuzhou Anying Biologic Technology Development Co., Ltd. Wheat gluten is a filler and source of protein used in the pet food.

21.  Despite having actual knowledge of both the complaints it received and its own study, Menu Foods delayed for weeks before issuing the notice of recall.

22.  Even then, its recall was conducted in a negligent manner. For example, both its website and the toll-free number it provided to the public were frequently non-operational.

**Facts Relating to the Names Plaintiff**

23.  In or around February of 2007 and on or about March 5, 2007 Plaintiff purchased a 24 can variety pack of IAMS adult cat food from the Target store located in Enfield, Connecticut.

24.  This food was for his twelve year-old cat Harley and his four year-old cat Leo. Plaintiff had purchased and fed his cats the IAMS food for years and Harley and Leo would typically consume one and one-half of the 3.5 ounce cans daily.

25.  Menu Foods is the manufacturer of IAMS adult cat food which plaintiff purchased.

26.  On or about March 8, 2007, shortly after ingesting the IAMS' cat food, Harley and Leo became lethargic. Both cats lost their appetite and vomited. They both exhibited a decrease in interest and were depressed. Harley had urine like breath odor, and his hair coat

5

became poor. Both pets went into renal failure. Harley's kidneys shut down, and on March 15, 2007, one day prior to the recall he had to be put down.

27. Sokolowski has incurred over $1,200 in veterinary expenses relating to the attempts to save the life of Leo and relating to the euthanizing of Harley. Specifically, Leo has ongoing blood tests, aggressive fluid therapy and a prescription diet.

28. Harley had been with Sokolowski since 1995.

29. The loss of Harley and illness to Leo has been devastating to Sokolowski.

## CLASS ALLEGATIONS

30. Sokolowski brings this action, pursuant to FRCP 23(b)(3), on behalf of himself and a class (the "Class") consisting of himself and all others who purchased pet food in the United States that was ultimately subject to the March 16, 2007 Menu Foods recall..

31. Upon information and belief, there are over 100,000 members of the Class such that joinder of all members is impracticable.

32. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members. Common questions for the Class include:

    (a) Did Menu Foods act negligently in failing to prevent contamination of its pet food?

    (b) Did Menu Foods act negligently in failing to warn its customers in a timely and effective manner of the danger of its pet food?

    (c) Did Menu Foods' breach express and/or implied warranties relating to the sale of its pet food?

33. The above common issues of fact and law predominate over any individualized

6

issues.

34. Sokolowski will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the class, and he has retained counsel competent and experienced in class action litigation.

35. A Class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the class is impracticable, and (b) many members of the class cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I
### (Breach of Express Warranties)

36. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

37. Menu Foods and IAMS breached express warranties to Plaintiff about the quality of their food and the quality of their manufacturing process. Menu foods touts its use of "state-of –the art" manufacturing facilities in the United States and Canada.

38. Members of the Class were induced by Defendants' labeling, advertising, and marketing the recalled brands of pet food as in fact "food" and relied upon all of said express warranties when purchasing the product.

39. These warranties were in false and Defendants' still do not have knowledge of exactly what in their food has been causing deaths and injuries to untold numbers of cats and dogs. In reliance on Defendants' untrue warranties, Plaintiff and the Class purchased the recalled pet food and fed it to their pets.

40. Plaintiff and members of the Class sustained damages as a proximate result of said breach of warranty.

## COUNT II
### (Breach of Implied Warranty)

41. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

42. Defendants are merchants under Uniform Commercial Code Sections 2-104 and 2-314.

43. Menu Foods and IAMs violated the Uniform Commercial Code and the implied warranty of merchantability by marketing, advertising and selling the recalled pet food. Specifically, pet owners were led to believe that it was safe for the uses intended; namely, to be fed to cats and dogs without any ill health consequences.

44. Menu Foods and IAMS knew in advertising, marketing, producing, labeling and selling the recalled pet food that the Plaintiff and Class members would purchase it and feed it to their pets.

45. Plaintiff and Class members purchased the food and fed the recalled pet foods to their cats and dogs relying on Defendants' representations and claims.

46. The recalled pet foods purchased by Plaintiff and Class members were unfit for their ordinary purpose when sold and were in fact poisonous and/or contaminated which caused severe illness and/or death to the pets that consumed them.

47. As a proximate cause of this misconduct, Plaintiff and his class suffered actual damages, including without limitation the cost of the contaminated pet food and resulting veterinary bills, cost of replacing the pet, special foods and ongoing medical costs.

## COUNT III
### (Negligence)

48. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

49. Menu Foods and IAMs owed their customers a duty to offer safe, non-contaminated products in the stream of commerce.

50. Menu Foods and IAMs breached this duty by failing to exercise reasonable care in the producing, processing, manufacturing and offering for sale of the contaminated per food described herein.

51. Menu Foods further breached this duty by failing timely and effectively to warn plaintiff and the class of contamination even after it had actual knowledge of that fact and of the resulting risks.

52. As a proximate cause thereof, Plaintiff and his class suffered actual damages, including without limitation the cost of the contaminated pet food, special prescription diet for pets, loss of their pets, and any resulting veterinary bills.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class defined above;
2. An award of actual damages;
3. Appropriate injunctive relief;
4. Medical monitoring damages;
5. Reasonable attorney's fees and costs; and
6. Such further and other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

April 23, 2007

By: /s/ Joseph J. DePalma
Joseph J. DePalma
**LITE DEPALMA GREENBERG & RIVAS, LLC**
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0211

**NEWMAN, CREED & ASSOCIATES**
Bruce E. Newman, Esq.
Kevin E. Creed, Esq.
99 North Street, Rte. 6
P.O. Box 575
Bristol, CT 06011-0575
Phone: (860) 583-5200
Fax: (860) 582-0012

*Attorneys for Plaintiff and the Class*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiff, by his attorneys, hereby certifies that to the best of his knowledge, the matter in controversy is related to <u>Workman, et al. v. Menu Foods, Inc., et al.</u>, Civil Action No. 07-1338 (NLH-AMD), <u>Julie Hidalgo v. Menu Foods, Inc., et al.</u>, Civil Action No. 07-1456 (NLH), <u>Nunez v. Menu Foods, Inc., et al.</u>, <u>Turturro v. Menu Foods, Inc., et al.</u>, <u>Gagliardi v. Menu Foods, Inc., et al.</u>, <u>Goldring v. Menu Foods, Inc., et al.</u>, <u>Wilson v. Menu Foods, Inc., et al.</u>, <u>Freeman v. Menu Food Inc., et al.</u>, <u>Diana Diedrich v. Menu Foods Inc., et al.</u>, <u>Luke deBarathy v. Menu Foods Income Fund et. al.</u>, <u>Steve Colquitt and Marianna Cutter v. Menu Foods, Inc., et al.</u>, and <u>Michelle McCullough v. Menu Foods Income Fund</u> which is being filed simultaneously today. Plaintiff is not currently aware of any other party who should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the fore going statements made by me are wilfully false, I am subject to punishment.

Dated: April 23, 2007

By: /s/ Joseph J. DePalma
Joseph J. DePalma
**LITE DEPALMA GREENBERG & RIVAS, LLC**
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 623-3000

11