**EXHIBIT A**

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TODD SOKOLOWSKI, individually and on behalf of all others similarly situated, | : | CASE NO. 1:07-cv-01709-NLH-AMD |
| | : | |
| | : | (Judge Noel L. Hillman) |
| Plaintiffs, | : | (Magistrate Ann Marie Donio) |
| | : | |
| v. | : | |
| | : | **DECLARATION OF** |
| MENU FOODS, INC., | : | **MARTI HISSONG** |
| et al., | : | |
| | : | |
| Defendants. | : | |

---

STATE OF OHIO            )
                         ) ss:
COUNTY OF MONTGOMERY     )

    I am making this Declaration based upon personal knowledge, and I am competent to testify to the matters stated below.

A.        <u>BACKGROUND</u>

    1.    I am employed as the Manager of Customer Service by The Iams Company dba P&G Pet Care, a subsidiary of The Procter & Gamble Company ("Iams"). I have been involved in the Customer Service Group during my entire 20-year career at Iams. Iams manufactures and sells Eukanuba and Iams brand premium dog and cat foods, and Eukanuba Veterinary Diets brand canine and feline therapeutic diets. I am responsible for managing full-

**Exhibit A**

time and part-time employees whose main duties are resolving consumer concerns and questions, and educating customers about Iams, Eukanuba or Veterinary Diets.

B.        IAMS' CUSTOMER SERVICE DEPARTMENT

2.        Iams has published toll-free customer service telephone numbers for over 25 years.  The toll-free customer service telephone numbers are on all of Iams' packaging, and have been available on Iams' website since its inception.  On an annual basis, Iams' Customer Service Group manages approximately 380,000 customer contacts.

3.        The Customer Service Department is dedicated to educating consumers, responding to customer questions and resolving concerns.  Customers contact the Customer Service Department directly by calling one of our 18 toll-free numbers (numbers are listed on all packaging), by e-mail and postal mail.  Consumer Care Specialists respond directly to customers. When necessary, the representatives transfer customers to an Iams veterinarian or a veterinary technician who may provide technical information about Iams' products.

4.        Iams' Consumer Care Specialists are trained to respond to customers' concerns and to answer questions from customers.  In addition to customer service training, Iams provides the Specialists with approximately 90 hours of pet nutrition, behavior, and product training each year.  The Specialists also have access to on-site veterinarians and veterinary technicians who are available to answer questions from customers.  An internal web site is updated many times each week to provide the Specialists with the most current information related to nutrition, ingredients and products.  This site also keeps the team aligned with the Customer Service Department's processes and procedures.

5.      For over 20 years, Iams has issued a 100% money-back guarantee for all of its Iams and Eukanuba brand products. Consumer Care Specialists are thoroughly trained in handling dissatisfied customers and resolving concerns. They are frequently evaluated and coached on the quality of service delivered. They resolve concerns under the terms of the guarantee. Over 95% of customer complaints are handled on the spot; the customer does not need to be escalated to management.

6.      As a result, Consumer Care Specialists at Iams have responded directly to customers' questions about products and their pets for over 25 years. Consumer Care Specialists also answer questions about health and nutrition, ingredients, care and feeding and training and behavior. Customer Service has a high employee retention rate with the average individual having 8.5 years of experience in the Department.

C.      MENU FOODS RECALL

7.      All of Iams and Eukanuba brand <u>dry</u> dog and cat food products are manufactured by Iams at facilities that are owned and operated by Iams. Iams' wet dog and cat food products are manufactured by Menu Foods as a contract manufacturer. While Iams provides Menu Foods with specifications and formulas for all of its products (which are highly proprietary and different from any other product available for sale in the marketplace), Menu Foods manufactures the products at its facilities in Emporia, Kansas and North Sioux City, South Dakota.

8.      The vast majority of Iams' products are dry products, meaning that they are sold in a bag as dry dog food under Iams, Eukanuba or Eukanuba Veterinary Diets brand

names. A very small portion of Iams' business is represented by "wet products," meaning that they are sold in a pouch or in a can or made in a pate and sold in a can.

9.  Beginning on March 16, 2007, Menu Foods issued a series of voluntary recalls of certain "cuts and gravy" wet pet food products that were manufactured at Menu Foods' facilities in Kansas and New Jersey. On the same day, Iams announced a broader recall, which included Iams and Eukanuba brand products that were manufactured by Menu Foods in Emporia, Kansas in a specific code date range.

10.  As a result of Iams' voluntary recall, Iams' Customer Service Department became inundated with telephone calls, letters and emails. Many customers called with questions about the scope of the recall. Customers called to return unopened, recalled product and requested reimbursement, based on the guarantee. Many customers were understandably concerned about illnesses and even death associated with their pets. Some customers had ill pets in a veterinary hospital, others had pets at home they were considering taking to a clinic. Many customers wanted to know how Iams would be compensating them.

D.        IAMS' CUSTOMER SERVICE CALLS

11.  Immediately, Iams supplemented Consumer Care Specialists with Iams' employees, temporary employees, and two additional call centers to help manage inbound calls. Part-time relief veterinarians, the ASPCA, and internal veterinarians throughout the company assisted in responding to the more serious concerns and questions. As described below, we received and continue to receive a variety of requests from customers, including: (a) contacts from customers who had purchased Iams or Eukanuba brand products and had questions about the safety of the products, e.g., can dry products be fed and what is the scope of the recall;

(b) contacts seeking reimbursements or product replacement for product(s) purchased (in accordance with the money-back guarantee); (c) contacts requesting reimbursement of or seeking direct payment to veterinary-clinics for veterinarian expenses related to sick or deceased pets; and (d) contacts telling us that their pet had died as a result of consuming an Iams recalled product and seeking compensation for the lost pet.

12.    Many customers were concerned because they had taken their pets to a veterinarian for treatment and the veterinarians were demanding payment. Also, many customers were concerned that their pets would require continuing care and needed assurance that expenses would be paid now and in the immediate future.

13.    In accordance with its product guarantee and prior practices, Iams provided customers with reimbursement for products that did not meet the customer's satisfaction. In addition, in an effort to maintain goodwill and respond to the concerns of its customers, Iams reimbursed certain additional expenses (in addition to the purchase price for products) that were shown to have been incurred as a result of a pet consuming an Iams or Eukanuba brand pet food that was subject to the Menu Foods recall.

14.    Iams reimbursed customers for any veterinarian expenses that were expended for certain treatments that have been shown to have been required and associated with renal failure that has been connected to feeding an Iams or Eukanuba recalled product. In addition, Iams began paying for wellness checkups (precautionary veterinarian visits) to alleviate any concerns that the customer may have had after feeding their pets an Iams or Eukanuba product that was subject to the recall. Iams has also reimbursed some customers for pets that died as a result of eating a recalled product.

E.          RETENTION OF RISK ENTERPRISE MANAGEMENT

15.     Despite a considerable effort by Iams, we continued to receive a tremendous volume of calls that we could not manage with existing Consumer Care Specialists, Iams' employees, and part-time help.  In fact, Iams has received over 210,000 customer contacts concerning the March 2007 pet food recall.  As part of the number above, Consumer Care Specialists have personally handled 155,000 contacts and is handling, with Risk Enterprise Management Limited's ("REM") assistance, 10,000 consumer claims.

16.     On March 29, 2007, Iams hired REM to help respond to the overflow of customers who had contacted the company with claims of sick or deceased pets.  Iams and REM continue to respond to the concerns and questions of customers and assist customers with reimbursements for product purchases and veterinarian expenses.

17.     While all calls are answered initially by an Iams' Consumer Care Specialist, REM has been provided with customer contact information to return calls to some of the customers who have contacted the Customer Service Department.

18.     In an effort to accurately and effectively respond to customer calls seeking information about the recall, Iams developed specific training to assist Iams Specialists, temporary assistance and REM.  An Information Specialists in Customer Service worked and continues to work with External Relations and the legal department to update the most common customer concerns.  When customers call with questions about the recall or for reimbursement of products, Specialists, REM Representatives and temporary workers are thoroughly trained to respond in a consistent manor.  With the customer's permission, a Specialist, REM Representative or a veterinary technician will contact a customer's veterinarian to better

understand the pending concerns with an ill or deceased pet, as well as process payment for

veterinarian bills and ensure that the customer's pets receives the needed treatment, without any

delay because of an inability to pay.  If there are questions about treatment, then a representative

may ask for our Iams veterinarian to respond directly to the pet's veterinarian.

19.     Iams and REM continue to reimburse customers for the full amount of the

recalled pet food and the full amount of their veterinarian bills that are linked to the consumption

of an Iams or Eukanuba recalled product.  In many cases, the customers' pets have ongoing

medical problems and require Iams' immediate financial assistance.  These pets may be unable to

obtain treatment without Iams' reimbursement program.  Iams does not require customers to

complete an informational form for reimbursement.  Rather, Consumer Care Specialists,

veterinarians and REM representatives ask limited questions about the pet's health, the food

consumed and medical bills, to determine whether the customer is entitled to reimbursement.

F.       RELEASES

20.     Iams is not seeking a release from all customers.  For those customers who

are provided a reimbursement of veterinarian bills in an amount that is less than $1,000, Iams

does not seek any release.  Iams simply provides the customer with a check for full

reimbursement of the expenses.  In contrast, for those customers who are provided with

reimbursement that is in excess of $1,000, or if the reimbursement covers amounts in addition to

veterinarian bills, Iams seeks a release or partial release as part of paying the expenses.  A copy

of the letters and releases are attached as Exhibit 1 to this Declaration.

21.     The letters (attached as Exhibit 1) are the current letters sent to customers.

These letters have been used by Iams and REM since June 7, 2007.  Iams has continually

reviewed its communications to make sure that its letter fully informs customers about all class action rights. Prior to June 7, 2007, Iams and REM used letters and releases that are attached as Exhibit 2. This letter was used May 24, 2007 until June 7, 2007. Prior to May 24, 2007, Iams and REM used letters and releases that are attached as Exhibit 3.

22.    For all customers who received a release and payment greater than $1,000 (and did not receive the letter attached as Exhibit 1), Iams sent them a supplemental letter explaining their options and instructing them that they should contact an attorney about the release and payment, if they have any questions. In addition, if those customers chose to return any payment from Iams and to retract their release, then Iams committed to not enforcing the releases signed by those customers. A copy of that letter is attached as Exhibit 4.

23.    As Iams' Consumer Care Specialists began to receive telephone calls from customers who sought reimbursement for continuing veterinarian bills, Iams agreed to provide reimbursement for reasonable expenses for veterinarian bills for the next 120 days. It is likely that many pets will have a complete recovery within 120 days; however, customers are understandably concerned about obtaining reimbursement for wellness checkups within the 120 days. To accommodate those customers, Iams provides a separate release that releases claims except for veterinary expenses that arise within 120 days of the release.

24.    Iams and REM have not initiated any contact with customers. Iams and REM have only responded to customers who contacted Iams' Customer Service Department by calling one of our established 800 numbers, by email or by postal mail. In some cases, customers' names were forwarded by retail stores where the customer had made a claim.

Moreover, we have been following Customer Service Department protocols that existed before any class action lawsuits were filed.

G.        IAMS' NO-CONTACT POLICIES

25.        On May 10, 2007, Michael Myers sent a letter to Iams. Mr. Myers is an attorney who filed a class action lawsuit against Menu Foods (but not Iams or P&G) in the United States District Court for the Western District of Washington. In his letter, Mr. Meyers notified Iams that Iams or REM had contacted one of his clients. That letter was the first time that Iams was aware that named Plaintiffs were contacting Iams' Customer Service Department.

26.        Iams investigated, and on May 15, 2007, Iams initiated a formal policy requiring both the Iams Customer Service Department and REM not to return the telephone calls of customers that had filed a Class Action against Iams, P&G or Menu Foods, even if the customer called the customer service line. We receive frequent updates from Iams' counsel of persons who were not to be contacted because they had filed class actions and circulate a list of all of the named Plaintiffs who have filed a lawsuit against Menu Foods, Iams or any other Defendant and instruct Iams Consumer Care Specialists and REM representatives not to return the telephone calls of these customers. We have daily conversations with REM as well as receive status reports on cases in order to ensure that the proper procedures are being followed. In addition, Iams' personnel have visited REM's Atlanta, Georgia offices to ensure that REM enacted the policy and was not contacting any named plaintiffs.

27.        In addition, Iams subsequently became concerned that it may be contacted by represented parties that were not named Plaintiffs in the class actions. Therefore, on May 24, 2007, Iams started to require all Consumer Care Specialists and REM Representatives to ask the

customers -- as the first question, before any discussion occurs -- whether they are represented by counsel when they return telephone calls to any customer. A copy of the script that all Iams Specialists and REM Representatives are required to follow when returning the telephone call of a customer about the recall is attached as Exhibit 5.

28.    On June 18, 2007, we became aware, as a result of Plaintiff's Emergency Motion for a Protective Order, that several represented parties claimed they were improperly contacted by REM via telephone and mail. On June 20, 2007, I received a memorandum from W. Stanley Morton, Iams' General Counsel, requesting that I: (1) immediately circulate a memorandum to all Iams' customer service personnel reminding them of our policy not to communicate with or contact represented parties; (2) hold a mandatory meeting for all customer service representatives to emphasize the importance of the policy and answer any questions; and (3) implement a policy to periodically monitor customer service representatives to ensure that all representatives were in compliance with our policy. I have complied with all three requests. A copy of the June 20, 2007 Memorandum, including its attachments, is attached as Exhibit 6.

H.        CLASS ACTION LAWSUITS

29.    As discussed above, we expanded our typical business practices in order to accommodate the volume of customer calls. We have not introduced any new programs as a result of the class action lawsuits. We do not use automated calling. We do not call customers repeatedly after we have left a message. We have taken precautionary steps to inform customers about the class action lawsuits.

30.    The reimbursement process described above is a continuation of Iams' longstanding efforts to communicate with and satisfy customers who have a problem with an

Iams, Eukanuba or Eukanuba Veterinary Diets brand product. Iams has been engaged in efforts to respond to its customers' complaints for over 25 years. In this time of uncertainty, we are trying to preserve our goodwill with our customers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June ___, 2007.

_____
Marti Hissong

184652.2

**EXHIBIT 1**



**The Iams Company**
P&G Pet Care
7250 Poe Avenue
Dayton, OH 45414
www.pg.com

Dear

First and foremost, we want to repeat our profound regret for the loss of your pet. We appreciate your patience in this difficult situation.

While the cause of the reported illnesses has not been definitively determined, we are reimbursing your medical bills associated with the Menu Foods recall. Payment in the amount of .         5 has been requested and you should receive a check within the next six weeks. Again, we are deeply saddened by the loss of your pet

Sincerely,


Marti Hissong

Manager Consumer Relations

Iams/Eukanuba


**Exhibit 1**



The Iams Company
P&G Pet Care
7250 Poe Avenue
Dayton, OH 45414
www.pg.com

Dear

First and foremost, we want to repeat our profound regret for your pet's illness. We appreciate your patience in this difficult situation.

While the cause of the reported illnesses has not been definitively determined, we are reimbursing your medical bills associated with the Menu Foods recall. Payment in the amount of            has been requested and you should receive a check within six weeks. Should a health concern arise in the next four months we will consider providing reimbursement for medical bills that are demonstrated to be linked to the Menu Foods recall. Please use the following toll-free number, 800-782-0923, to contact us during the next four months for consideration for reimbursement.

Again, as pet owners, we are deeply sorry for your pet's illness.

Sincerely,


Marti Hissong

Manager Consumer Relations

Iams/Eukanuba



**The Iams Company**
P&G Pet Care
7250 Poe Avenue
Dayton, OH 45414
www.pg.com

Re:  Settlement and Reimbursement of Expenses

Dear

Thank you for taking the time to contact us about your pet.  First and foremost, we want to repeat our profound regret for the loss of your pet, and offer our apologies for any difficulties or inconvenience that you have experienced as a result of the Menu Foods recall. We appreciate the patience that you have shown throughout this difficult situation.

While the cause of the reported illnesses has not been definitively determined, we would like to reimburse you for certain expenses that are shown to have been associated with the Menu Foods recall.  Please read this letter and all of the attached materials carefully.

If you would like direct and prompt reimbursement in the amount below from P&G Pet Care, rather than pursuing other available avenues, then please sign and return the release form to us in the self-addressed envelope provided.  Upon receipt of the signed release form, we will send you a check for              While we remain committed to reimbursing your expenses quickly, it is necessary to advise you of the effects of resolving your claim directly with P&G Pet Care, as well as inform you of other avenues that are available to pursue your claim. We do not intend to offer you legal advice, but rather to present you with sufficient information so that you may make an informed decision.  If you have any questions relating to legal issues, then please contact an attorney.

As you may know, class action lawsuits have been filed in federal and state courts throughout the United States and in courts in Canada by a number of attorneys who each seek to represent the interests of pet owners, like yourself, who claim that their pets have been injured as a result of eating one of the products that were subject to the Menu Foods recall.  As a pet owner whose pet may have been harmed by a recalled Menu Foods product, you may be eligible to participate in those class action lawsuits.  If you elect to participate in those class actions, then it is not necessary for you to do anything at this time.

In the alternative, you may resolve your claim directly with P&G by accepting reimbursement.  If you sign the release and accept reimbursement directly from P&G, then it is important for you to understand that you will be releasing all claims against The Iams Company and P&G Pet Care, and their parent, The Procter & Gamble Company, related to any damages

sustained as a result of the Menu Foods recall and may not be permitted to participate in the above class actions.

P&G Pet Care is committed to reimburse any reasonable expense incurred by pet owners as a result of pets eating one of our products that were subject to the Menu Foods recall. Any reimbursement provided by P&G Pet Care would require you to sign the release form that would release claims for any injury or the recovery of any damages that may have arisen out of the recall.

You do have the option of discussing your claim with an attorney of your choice. If you are unclear of any of your legal rights or have any additional questions regarding the full extent of your options, then we suggest that you speak to an attorney. If you are currently represented by an attorney in this matter, then please forward this communication directly to your attorney and have your attorney contact us directly.

Again, we are deeply saddened by the loss of your pet.


Sincerely,



Marti Hissong

Manager Consumer Relations

Iams/Eukanuba

Claim #: _____

[Name]                                              Date: _____, 2007
[Pet Name]

## FULL RELEASE

      This Release is entered into as of the date above, by and between The Iams Company and P&G Pet Care (subsidiaries of The Procter & Gamble Company) ("Iams") and **[Name]**.

      FOR AND IN CONSIDERATION of the payment to **[Name]** by Iams of $_____, **[Name]**, for **[him/herself]** and **[his/her]** past, present and future representatives, hereby fully, finally, and forever jointly and severally releases and discharges Iams, and its past, present, and future representatives, employees, officers, directors, attorneys, agents, owners, shareholders, partners, parents, subsidiaries, affiliates and business entities, and successors and assigns from any and all claims, actions, losses, damages, costs, fees, expenses, liabilities, and causes of action that arose out of or relate to any claim suffered as a result of the purchase and feeding of any product that was subject to the Menu Foods recall.

      **[Name]** understands that this settlement is the compromise of a disputed claim and that the payment is not to be construed as an admission of liability. **[Name]** further states that **[he/she]** has carefully read this Release and the Settlement and Reimbursement of Expenses Letter that accommodates the Partial Release, that **[he/she]** knows and understands its contents and its legal, binding effect, and that **[he/she]** enters into and signs this Release voluntarily.

Date: _____      _____
                                              **[Name]**



The Iams Company
P&G Pet Care
7250 Poe Avenue
Dayton, OH 45414
www.pg.com

Re:  Settlement and Reimbursement of Expenses

Dear

Thank you for taking the time to contact us about your pet.  First and foremost, we want to repeat our profound regret for your pet's illness, and offer our apologies for any difficulties or inconvenience that you have experienced as a result of the Menu Foods recall. We appreciate the patience that you have shown throughout this difficult situation.

While the cause of the reported illnesses has not been definitively determined, we would like to reimburse you for certain expenses that are shown to have been associated with the Menu Foods recall.  Please read this letter and all of the attached materials carefully.

If you would like direct and prompt reimbursement in the amount below from P&G Pet Care, rather than pursuing other available avenues, then please sign and return the partial release form to us in the self-addressed envelope provided.  Upon receipt of the signed partial release form, we will send you a check for

Should a health concern requiring veterinary care arise within four months following the above date, we will consider providing reimbursement for medical bills that are demonstrated to be linked to the Menu Foods recall.   Please call (800) 782-0923 with any questions about follow up medical treatment and reimbursement of medical bills.]

While we remain committed to reimbursing your expenses quickly, it is necessary to advise you of the effects of resolving your claim directly with P&G Pet Care, as well as inform you of other avenues that are available to pursue your claim.  We do not intend to offer you legal advice, but rather to present you with sufficient information so that you may make an informed decision.  If you have any questions relating to legal issues, then please contact an attorney.

As you may know, class action lawsuits have been filed in federal and state courts throughout the United States and in courts in Canada by a number of attorneys who each seek to represent the interests of pet owners, like yourself, who claim that their pets have been injured as

a result of eating one of the products that were subject to the Menu Foods recall. As a pet owner whose pet may have been harmed by a recalled Menu Foods product, you may be eligible to participate in those class action lawsuits. If you elect to participate in those class actions, then it is not necessary for you to do anything at this time.

In the alternative, you may resolve your claim directly with P&G by accepting reimbursement. If you sign the release and accept reimbursement directly from P&G, then it is important for you to understand that you will be releasing all claims against The Iams Company and P&G Pet Care, and their parent, The Procter & Gamble Company, related to any damages sustained as a result of the Menu Foods recall and may not be permitted to participate in the above class actions.

P&G Pet Care is committed to reimburse any reasonable expense incurred by pet owners as a result of pets eating one of our products that were subject to the Menu Foods recall. Any reimbursement provided by P&G Pet Care would require you to sign the partial form that would release claims for any injury or the recovery of any damages that may have arisen out of the recall.

You do have the option of discussing your claim with an attorney of your choice. If you are unclear of any of your legal rights or have any additional questions regarding the full extent of your options, then we suggest that you speak to an attorney. If you are currently represented by an attorney in this matter, then please forward this communication directly to your attorney and have your attorney contact us directly.

Again, we are deeply saddened by your pet's illness.


Sincerely,



Marti Hissong

Manager Consumer Relations

Iams/Eukanuba

Claim #: _____

Date          _____ , 2007

[Name]
[Pet Name]

## PARTIAL RELEASE

      This Release is entered into as of the date above, by and between The Iams Company and P&G Pet Care (subsidiaries of The Procter & Gamble Company) ("Iams") and **[Name]**.

      FOR AND IN CONSIDERATION of the payment to **[Name]** by Iams of $_____, **[Name]**, for **[him/herself]** and **[his/her]** past, present and future representatives, hereby fully, finally, and forever jointly and severally releases and discharges (except as detailed below) Iams and its past, present, and future representatives, employees, officers, directors, attorneys, agents, owners, shareholders, partners, parents, subsidiaries, affiliates and business entities, and successors and assigns from any and all claims, actions, losses, damages, costs, fees, expenses, liabilities, and causes of action that arose out of or relate to any claim suffered as a result of the purchase and feeding of any product that was subject to the Menu Foods recall.

      It is understood that **[Name]** may submit an additional claim for reimbursement of reasonable medical bills should a health concern related to the Menu Foods recall require veterinary care within four months from the above date. This Partial Release shall not bar the submission of that claim.

      **[Name]** understands that this settlement is the compromise of a disputed claim and that the payment is not to be construed as an admission of liability. **[Name]** further states that **[he/she]** has carefully read both this Partial Release and the Settlement and Reimbursement of Expenses Letter that accommodates the Partial Release, that **[he/she]** knows and understand its contents and its legal, binding effect, and that **[he/she]** enters into and signs this Partial Release voluntarily.

Date: _____     _____
                                      **[Name]**

**EXHIBIT 2**

**[REM/P&G PET CARE]**

**[Date]**

**[Consumer Address]**

Re:  Settlement and Reimbursement of Expenses

Dear _____:

Thank you for taking the time to contact us about your pet.  First and foremost, we want to repeat our profound regret for your pet's illness, and offer our apologies for any difficulties or inconvenience that you have experienced related to the Menu Foods recall.  We appreciate the patience that you have shown throughout this difficult situation.

While the cause of the reported illnesses has not been definitively determined, we would like to reimburse you for your medical expenses associated with the Menu Foods recall.  Please read this letter and all of the attached materials carefully.  If you would like direct and prompt reimbursement in the amount below by P&G Pet Care, rather than pursuing other available avenues, then please sign and return the **[RELEASE/PARTIAL RELEASE]** form to us in the self-addressed envelope provided.  Upon receipt of the signed **[RELEASE/PARTIAL RELEASE]** form, we will send you a check for $_____.  **[IF PARTIAL RELEASE INCLUDE** --Should a health concern requiring veterinary care arise within four months following the above date, we will consider providing reimbursement for medical bills that are demonstrated to be linked to the Menu Foods recall.  Please call (800) 782-0923 with any questions about follow up medical treatment and reimbursement of medical bills.**]**

While we remain committed to reimbursing your expenses quickly, it is necessary to advise you of the effects of resolving your claim directly with P&G Pet Care, as well as inform you of other avenues that are available to pursue your claim.  We do not intend to offer you legal advice, but rather to present you with sufficient information so that you may make an informed decision.  If you have any questions relating to legal issues, please feel free to contact an attorney.

As you may know, class action lawsuits have been filed throughout the United States and Canada by a number of attorneys who each seek to represent the interests of pet owners, like yourself, who claim that their pets have been injured as a result of eating one of the products that were subject to the Menu Foods recall.  A list of the attorneys seeking to represent consumers, including their contact information, is attached to this letter.

P&G Pet Care is committed to reimburse any reasonable medical expense incurred by pet owners who can be identified as having suffered as a result of pets eating one of our products that were subject to the Menu Foods recall.  Any reimbursement provided by P&G Pet Care would require you to sign the **[RELEASE/PARTIAL RELEASE]** form that would release claims for any injury that may have arisen out of the recall.  You do have the option of contacting one of the plaintiffs' attorneys who have filed class actions or to discuss your claim with an attorney of your choice.  If you have any additional questions regarding the full extent of your options, then we suggest that you speak to an attorney.

**Exhibit 2**

Again, we are deeply saddened by your pet's illness.  **[FOR REM ONLY** Please feel free to contact me at (800) 782-0923 should you have any additional questions regarding this claim.]

Sincerely,

[Insert name]

Claim #: _____

[Name]
[Pet Name]

Date: _____, 2007

## **FULL RELEASE**

This Release is entered into as of the date of above, by and between The Iams Company (a subsidiary of The Procter & Gamble Company) ("Iams") and **[Name]**.

FOR AND IN CONSIDERATION of the payment to **[Name]** by Iams of $_____, **[Name]**, for **[him/herself]** and **[his/her]** past, present and future representatives, hereby fully, finally, and forever jointly and severally releases and discharges:

1. Iams, and its past, present, and future representatives, employees, officers, directors, attorneys, agents, owners, shareholders, partners, parents, subsidiaries, affiliates and business entities, successors and assigns;

2. Menu Foods Income Funds and its past, present, and future representatives, employees, officers, directors, attorneys, agents, owners, shareholders, partners, parents, subsidiaries, affiliates and business entities, successors and assigns; and

3. Any other vendor or retailer where any product subject to the Menu Foods recall was purchased,

from any and all claims, actions, losses, damages, costs, fees, expenses, liabilities, and causes of action that arose out of, or relate to any claim suffered from the purchase and feeding of any product that was subject to the Menu Foods recall.

**[Name]** understands that this settlement is the compromise of a disputed claim and that the payment is not to be construed as an admission of liability. **[Name]** further state that **[he/she]** has carefully read this Release, that **[he/she]** knows and understands its contents and its legal, binding effect, and that **[he/she]** enters into and signs this Release voluntarily.

Date: _____          _____
                                     **[Name]**

Claim #: _____

Date    _____ , 2007

[Name]
[Pet Name]

## PARTIAL RELEASE

This Release is entered into as of the date of above, by and between The Iams Company (a subsidiary of The Procter & Gamble Company) ("Iams") and **[Name]**.

FOR AND IN CONSIDERATION of the payment to **[Name]** by Iams of $_____, **[Name]**, for **[him/herself]** and **[his/her]** past, present and future representatives, hereby fully, finally, and forever jointly and severally releases and discharges (except as detailed below):

1.  Iams and its past, present, and future representatives, employees, officers, directors, attorneys, agents, owners, shareholders, partners, parents, subsidiaries, affiliates and business entities, successors and assigns;

2.  Menu Foods Income Funds and its past, present, and future representatives, employees, officers, directors, attorneys, agents, owners, shareholders, partners, parents, subsidiaries, affiliates and business entities, successors and assigns; and

3.  Any other vendor or retailer where any product subject to the Menu Foods recall was purchased

from any and all claims, actions, losses, damages, costs, fees, expenses, liabilities, and causes of action that arose out of, or relate to any claim suffered from the purchase and feeding of any product that was subject to the Menu Foods recall.

It is understood that **[Name]** may submit an additional claim for reimbursement of reasonable medical bills should a health concern related to the Menu Foods recall require veterinary care within four months from the above date. This Partial Release shall not bar the submission of that claim.

**[Name]** understands that this settlement is the compromise of a disputed claim and that the payment is not to be construed as an admission of liability. **[Name]** further state that **[he/she]** has carefully read this Partial Release, that **[he/she]** knows and understand its contents and its legal, binding effect, and that **[he/she]** enters into and signs this Partial Release voluntarily.

Date: _____      _____
                                   **[Name]**

# MENU FOODS
# CLASS ACTION LAWSUIT
# ATTORNEYS (BY STATE)

## ARKANSAS

Attorney for Charles Ray Sims, Pamela Sims, Kirby Cooper
Jason Matthew Hartfield
Lundy & Davis, L.L.P.
300 N. College Ave., Ste. 309
Fayetteville, AR 72701
(479) 527-3921 (Telephone)
(479) 587-9196 (Facsimile)

Attorney for Barbara Widen, Richard Scott
Jeremy Y. Hutchinson
Patton, Roberts, McWilliams & Capshaw, L.L.P.
Stephens Bldg.
111 Center St., Ste. 1315
Little Rock, AR 72201
(501) 372-3480 (Telephone)
(501) 372-3488

Attorney for Sandra Gray, Nick Jackson, Deena Jackson
Bill G. Horton
122 North 11th St.
P.O. Box 184
Fort Smith, AR 72902
(479) 464-8269 (Telephone)
(479) 464-8287 (Facsimile)

## CALIFORNIA

Attorney for Lois Grady
Gregory D. Helmer
Helmer Friedman, LLP
723 Ocean Front Walk
Venice, CA 90291
(310) 396-7714 (Telephone)

1

<u>Attorney for Sherry Ingles</u>
Shawn A. Williams
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine St., Ste. 2600
San Francisco, CA 94111
(415) 288-4545 (Telephone)
(415) 288-4534 (Facsimile)

<u>Attorney for Paul Randolph Johnson</u>
Michael L. Kelly
Kirtland & Packard, LLP
2361 Rosecrans Ave., Fourth Floor
El Segundo, CA 90245
(310) 536-1000 (Telephone)
(310) 536-1001 (Facsimile)

<u>Attorney for Ken Wahl, Shane Barbi, Sia Barbi, Jennifer Hart, Maria Mitchell, Hayley Ford, Shannon J. Kramer</u>
Rene L. Barge
Rene L. Barge, APC, Class Action Litigation Group
11111 Santa Monica Blvd., Ste. 1000
Los Angeles, CA 90025
(310) 481-9851 (Telephone)
(310) 479-7051 (Facsimile)

<u>Attorney for Finestone</u>
William T. King
Thomas M. Ferlauto
King & Ferlauto, LLP
1880 Century Park East, Ste. 820
Los Angeles, CA 90067-1627
(310) 552-3366 (Telephone)
(310) 552-3289 (Facsimile)

<u>Attorney for Howe, Dennis Lee Townsend, Glenna Townsend</u>
Sabrina S. Kim
Jeff S. Westerman
Milberg Weiss & Bershad, LLP
One California Plaza
300 South Grand Ave., Ste. 3900
Los Angeles, CA 90071
(213) 617-1200 (Telephone)
(213) 617-1795 (Facsimile)

Attorney for Swarberg
Jeff B. Cereghino
Berding & Weil
3240 Stone Valley Road West
Alamo, CA 94507-1558
(925) 838-2090 (Telephone)
(925) 820-5592 (Facsimile)

Attorney for Mitch & Jayne Englander
David C. Parisi
Suzanne Havens Beckman
Parisi & Havens LLP
15233 Valleyheart Dr.
Sherman Oaks, CA 91403
(818) 990-1299 (Telephone)
(818) 501-7852 (Facsimile)

Attorney for Robert Payne, Steve Bartilucci
Eric Benink
Krause Kalfayan Benink and Slavens
625 Broadway, Ste. 635
San Diego, CA 92101
(619) 232-0331 (Telephone)
(619) 232-4019 (Facsimile)

## COLORADO

Attorney for Emily Tompkins
Jennifer Reba Thomaidis
Thomaidis Law, LLC
1866 Vine St.
Denver, CO 80206
(303) 322-4355 (Telephone)
(303) 322-4354 (Facsimile)

## CONNECTICUT

Attorney for Lauri A. Osborne
Bruce E. Newman
Law Offices of Bruce E. Newman, L.L.C.
99 North St., Route 6
P.O. Box 575
Bristol, CT 66011
(860) 583-5200)

## FLORIDA

Attorney for Christian Troiano
Stuart A. Davidson
Lerach, Coughlin, Stoia, Geller, Rudman & Robins, L.L.P.
Suite 500
Boca Raton, FL 33432-4809
(561) 750-3000 (Telephone)
(561) 750-3364 (Facsimile)

Attorney for Stephen Donnelly, Jennifer Hirini
Scott Rhead Sheperd
Sheperd Finkelman Miller & Shah
4400 N. Federal Highway
Lighthouse Point, FL 33064-1717
(954) 943-9191 (Telephone)
(954) 943-9173 (Facsimile)

Attorney for Richard Alonso
Michael P. Maguire
Maguire & Friend, P.A.
999 Ponce de Leon Blvd., Ste. 510
Coral Gables, FL 33134
(305) 443-0820 (Telephone)
(305) 443-0903 (Facsimile)

Attorneys for George Birney, Audrey Birney
Luis G. Figuero
Martinez, Mangliardi, Diez-Arguelles & Tejedor
Attorneys Trial Group
540 N. Semoran Blvd.
Orlando, FL 32807
(407) 381-4123 (Telephone)

Attorney for Abby Schein
Stuart A. Davidson
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
120 E. Palmetto Park Road, Ste. 500
Boca Raton, FL 33432-4809
(561) 750-3000 (Telephone)
(561) 750-3364 (Facsimile)

<u>Attorney for Maria Teresa Ferrarese</u>
Scott William Weinstein
Morgan & Morgan, PA
12800 University Dr. – Ste 600
P.O. Box 9504
Ft Myers, FL 33906
(239) 433-6880 (Telephone)
(239) 433-6836 (Facsimile)

## IDAHO

<u>Attorney for Klimes, Lavoie, Mueller</u>
Philip H. Gordon
Gordon Law Offices
623 West Hays St.
Boise, ID 83702
(208) 345-7100 (Telephone)
(208) 345-0050 (Facsimile)

## ILLINOIS

<u>Attorney for Dawn Majerczyk</u>
John Blim
Blim & Edelson, L.L.C.
53 W. Jackson Blvd., Ste. 1642
Chicago, IL 60604
(312) 913-9400 (Telephone)
(312) 913-9401 (Facsimile)

<u>Attorney for Heather Amro</u>
Andrae P. Reneau
Wexler Toriseva Wallace LLP
1 N. LaSalle St., Ste. 2000
Chicago, IL 60602
(312) 346-2222 (Telephone)

<u>Attorney for Sonja Foxe</u>
John H. Alexander
John H. Alexander & Associates, LLC
100 W. Monroe, Ste. 2100
Chicago, IL 60602
(312) 263-7731

Attorney for Shirley Sexton
Kenneth A. Wexler
Wexler, Toriseva, Wallac, L.L.P.
One N. LaSalle St., Ste. 2000
Chicago, IL 60602

Attorney for Gary Bruski
William Boznos
Bellas & Wachowski
15 N. Northwest Highway
Park Ridge, IL 60068
(847) 823-9030 (Telephone)

## INDIANA

Attorney for Ricky Koontz, Judy A Koontz, Jeffrey Koontz, Ricky Koontz, Jr., Wayne
McClaran, Burtetta McClaran
James M. Macalka
607 Michigan Ave.
LaPorte, IN 46350
(219) 325-3305 (Telephone)

## MAINE

Attorney for Mara Brazilian
Leonard M. Gulino
Bernstein Shur
100 Middle St.
P.O. Box 9729
Portland, ME 04104-5029
(207) 774-1200 (Telephone)

## MASSACHUSETTS

Attorney for Lidia Rodrigues
Brian R. Cunha
Brian Cunha & Associates
311 Pine St.
Fall River, MA 02720
(508) 675-9500 (Telephone)
(508) 679-6560 (Facsimile)

<u>Attorney for Megan Connerton, Kimberly Mello</u>
Eugene R. Richard
Howard J. Wayne
Wayne, Richard & Hurwitz, LLP
One Boston Place, Suite 3620
Boston, MA 02108
(617) 720-7870 (Telephone)
(617) 720-7877 (Facsimile)

## MINNESOTA

<u>Attorney for Rozman</u>
Garrett D. Blanchfield, Jr.
Reinhardt Wendorf & Blanchfield
E-1250 First National Bank Building
332 Minnesota St.
St. Paul, MN 55101
(651) 287-2100 (Telephone)
(651) 287-2103 (Facsimile)

<u>Attorney for Wendy Kroschell</u>
Daniel E. Gustafson
Daniel C. Hedlund
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
(612) 333-8844 (Telephone)
(612) 339-6622 (Facsimile)

## NEVADA

<u>Attorney for Marion Streczyn</u>
William M. O'Mara
O'Mara Law Firm, P.C.
311 East Libert St.
Reno, NV 89501
(775) 323-1321 (Telephone)
(775) 323-4082 (Facsimile)

7

Attorney for Margaret Picus
Robert B. Gerard
Lawrence T. Osuch
Gerard & Osuch, LLP
2840 S. Jones Blvd.
Building D., Ste. #4
Las Vegas, NV 89146

## NEW YORK/NEW JERSEY

Attorney for Thomson, Trautman
Gregg D. Trautman
Trautman & Associates, LLC
262 E. Main St.
Rockaway, NJ 07866
(973) 316-8100 (Telephone)
(973) 983-1119 (Facsimile)

Attorney for Tinker
Arthur N. Abbey Gardy
Abbey Spainier Rodd Abrams & Paridis, LLP
212 E. 39th St.
New York, NY 10016
(212) 889-3700 (Telephone)

Attorney for Larry Wilson, Paul Richard, Jennifer Richard, Troy Gagliardi, Mark Golding, Julie
Hidalgo, Alexander Nunez, Kami Turturro, Steven Freeman, Diana Diedrich, Steve Colquitt,
Marianna Cutter, Michelle McCullough, Luke deBarthy
Joseph J. DePalma, Esq.
Bruce D. Greenburg, Esq.
Lite Depalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102
(973) 623-3000
(973) 623-0211

Attorney for Schneider, Chantelle Conti, Cheri Cutler, Matt Long, Lynne Carestio
Lisa J. Rodriguez
Donna Siegel Moffa
Trujillo, Rodriguez & Richards, LLC
8 Kings Highway W.
Haddonfield, NJ 08033
(856) 795-9002 (Telephone)
(856) 795-9887 (Facsimile)

Attorney for Janice Bonier, Guy Britton, Tammy Matthew, Leslie Berndl, Jim Moses, Terri Moses
Michael A. Ferrara, Jr.
The Ferrara Law Firm, LLC
601 Longwood Avenue
Cherry Hill, NJ 08002
(856) 779-9500 (Telephone)

Attorney for Carter, Pittsonberg, Bullock, Karen Pirches, Dinitrise Hicks
Robert Kaplan
Christine M. Fox
Kaplan Fox & Kilsheimer LLP
805 Third Ave., 22nd Floor
New York, NY 10022
(212) 687-1980 (Telephone)
(212) 687-7714 (Facsimile)

Attorney for James Conner, Frances Nash
Scott A. George
Seeger Weiss, LLP
550 Broad St., Ste. 920
Newark, NJ 07102
(973) 639-9100 (Telephone)

Attorney for Christina Johnson
James C. Shah
Shepherd, Finkelman, Miller & Shah, LLC
475 White Horse Pike
Collingswood, NJ 08107-1909
(856) 858-1770 (Telephone)
(856) 858-7012 (Facsimile)

Attorney for Judy McGuriman
Alan C. Milstein
John M Hanamirian
Sherman, Silverstein, Kohl, Rose & Podolosky, P.A.
Fairway Corporate Center
4300 Hanndofield Road, Ste. 311
Pennsauken, NJ 08109
(856) 662-0700 (Telephone)
(856) 488-4744 (Facsimile)

Attorney for Olivia Guercioni
Keith T. Smith
Law Offices of Keith T. Smith
Suite 202 Ridgewood Plaza
2327 New Road
Northfield, New Jersey 08225
(609) 645-7060 (Telephone)
(609) 645-7063 (Facsimile)

Attorney for Loren Byers, Kay Byers, Camilla Brankov
Seth R. Lesser
Locks Law Firm, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
(856) 663-8200 (Telephone)
(856) 661-8400 (Facsimile)

Attorney for Bobb
Kenneth M. Mollins
Law Office of Kenneth M. Mollins
425 Broad Hollow Road, Ste. 215
Melville, NY 11747
(631) 608-4100 (Telephone)

Attorney for Mark Cashman, Ciro Aiello
Gregory Mark Nespole
Martin E. Restituyo
270 Madison Ave.
New York, NY 10016
(212) 545-4600 (Telephone)
(212) 686-0114 (Facsimile)

## OHIO

Attorney for Boehm
John T. Murray
Dennis E. Murray, Sr.
Murray & Murray Co., L.P.
111 East Shoreline Dr.
PO Box 19
Sandusky, OH 44870
(419) 624-3000
(419) 624-0707

## PENNSYLVANIA

10

Attorney for Mark Cohen, Mona Cohen, Jared Workman
Sherrie R. Savett
Berger & Montague, P.C.
1622 Locust St.
Philadelphia, PA 19103
(215) 875-3071 (Telephone)
(215) 875-5715 (Facsimile)

Attorney for Lori L. Wilson
James T. Davis
Davis & Davis
107 East Main St.
Post Office Box 1163
Uniontown, PA 15401
(724) 437-2799 (Telephone)

## RHODE ISLAND

Attorney for Brown
Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
1307 Chalkstone Ave.
Providence, RI 02908
(401) 831-7730 (Telephone)
(401) 861-8064 (Facsimile)

## TENNESSEE

Attorney for Lizajean Holt, Donna Lefebvre, Kim Leonard, Debra Leroy
Perry A. Craft
Craft & Sheppard, PLC
The Shiloh Building
214 Centerview Dr., Ste. 223
Brentwood, TN 37027
(615) 309-1707 (Telephone)
(615) 309-1717 (Facsimile)

Attorney for Barbara Light
Dan C. Stanley
Stanley & Kurtz, PLLC
422 S. Gay St., Third Floor
Knoxville, TN 37902
(865) 522-9942 (Telephone)
(865) 522-9945 (Facsimile)

## WASHINGTON

Attorney for Stacey Heller, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Cecily Mitchell, Terrence Mitchell, David Rapp, Toinette Robinson, Barbara Smith, Laura Migliore, Gail Moran, Sheryl Puett, Daniel Ray Reeves, Nancy Guthrie, Jeff Rusiecki, Sheree Robinson, Phyllis A. Ullman, Megan Whitt, Elizabeth Palmer, Jason Labbatte, Helen Percy, Deborah A. Mullen, Gary Thomas, Sandra Shingle, Lerae Dineen, Michelle Adams, Linda Weitz

Steve W. Berman
Hagens, Berman, Sobol, Shapiro, L.L.P.
1301 Fifth Ave., Ste. 2900
Seattle, WA 98101
(206) 623-7292 (Telephone)
(206) 623-0594 (Facsimile)

Attorney for Whaley
Michael David Myers
Myers & Company, PLLC
1809 Seventh Ave., Ste. 700
Seattle, WA 98101
(206) 398-1188 (Telephone)
(206) 411-1112 (Facsimile)

Attorney for Don James, Michele Suggett
Adam P. Karp
Animal Law Offices
114 W. Magnolia St., Ste. 425
Bellingham, WA 98225
(360) 392-3936 (Telephone)

Attorney for Thomas Whaley
Michael David Myers
Myers & Co., P.L.L.C.
1809 Seventh Ave., Ste. 700
Seattle, WA 98101
(206) 398-1188 (Telephone)
(206) 400-1112 (Facsimile)

## WISCONSIN

<u>Attorney for Jacqueline Johnson</u>
Frank Jablonski
Noah Golden-Krasner
Progressive Law Group, LLC
354 W. Main St.
Madison, WI 53703
(608) 258-8511 (Telephone)
(608) 442-9494 (Facsimile)

<u>Attorney for Joy Pagel</u>
Briane F. Pagel, Jr.
Krekeler Strother, SC
15 N. Pinckney St., #200
P.O. Box 828
Madison, WI 53701-0828
(608) 258-8555 (Telephone)
(608) 258-8299 (Facsimile)

<u>Attorney for Penny J. Roberts, Gilbert Iverson</u>
Michael L. Stoker
Brian G. Weber
Cheryl M. Gill
Johns, Flaherty & Collins, S.C.
205 5th Ave. S., Ste. 600
P.O. Box 1626
LaCrosse, WI 54601-1626
(608) 784-5678 (Telephone)


4193327_1.DOC

13

**EXHIBIT 3**

**[Date]**


**[Address]**


Dear **[insert]:**

First and foremost, we want to repeat our profound regret for your pet's illness. We appreciate your patience in this difficult situation.

While the cause of the reported illnesses has not been definitively determined, we are reimbursing your medical bills associated with the Menu Foods recall. Payment in the amount of $ _____ has been requested and you should receive a check within six weeks. Should a health concern arise in the next four months we will consider providing reimbursement for medical bills that are demonstrated to be linked to the Menu Foods recall.

**

Again, as pet owners, we are deeply sorry for your pet's illness.

Sincerely,

**[P&G Pet Care]**

**Exhibit 3**

Dear

First and foremost, we want to repeat our profound regret for the loss of your pet. We appreciate your patience in this difficult situation.

While the cause of the reported illnesses has not been definitively determined, we are reimbursing your medical bills associated with the Menu Foods recall. Attached is our standard release form indicating that you understand that the reimbursement check is not to be construed as an admission or indication of liability. Please carefully read, sign and return the form to us in the self-addressed envelope provided. Upon receipt of this signed release we will promptly send you a check for :

Again, we are deeply saddened by the loss of your pet

Sincerely,

Marti Hissong
Consumer Relations, Manager

[Consumer's Name]                                                    Date

## RELEASE

      FOR AND IN CONSIDERATION of the payment to the undersigned by The Iams Company, (a subsidiary of The Procter & Gamble Company), an Ohio corporation, with its principal office in Dayton, Ohio, of  $_____  the receipt and sufficiency of which is hereby acknowledged, the undersigned hereby jointly and severally releases The Iams Company, its parent company and their respective agents, directors, officers, employees, successors and assigns, from any and all actions, causes of action, claims, losses, damages and demands which either of them now has, has ever had or may have.

      The undersigned understands that this settlement is the compromise of a disputed claim and that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released by whom liability is expressly denied.

      IN WITNESS WHEREOF, the undersigned has signed this release as of the date below.

Date: _____          _____

[Consumer's Name]                                              Date

## PARTIAL RELEASE

      FOR AND IN CONSIDERATION of the payment on behalf of the undersigned to (Name of Vet Clinic) by The Iams Company, (a subsidiary of The Procter & Gamble Company), an Ohio corporation, with its principal office in Dayton, Ohio, of $_____ the receipt and sufficiency of which is hereby acknowledged, the undersigned hereby jointly and severally releases The Iams Company, its parent company and their respective agents, directors, officers, employees, successors and assigns, from any and all actions, causes of action, claims, losses, damages and demands which either of them now has, has ever had or may have.

      The undersigned understands that this settlement is the compromise of a disputed claim and that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released by whom liability is expressly denied.

      It is also understood that the undersigned may submit an additional claim should a health concern related to the Menu Foods recall arise in the next four months, and this Partial Release shall not bar the submission of those veterinary bills related to the recall.

      IN WITNESS WHEREOF, the undersigned has signed this release as of the date below.


Date: _____        _____

**EXHIBIT 4**



The Iams Company
P&G Pet Care
7250 Poe Avenue
Dayton, OH 45414
www.pg.com

[Date]

«FName_» «LName»
«Address»
«City_», «State»  «Zip»

Re:  Notice to Customers of Class Action Rights

Dear «Salutation»:

This letter supplements an earlier letter concerning your claim for reimbursement. While our earlier letter explained P&G Pet Care's reimbursement program and the effect of resolving your claim directly with P&G Pet Care, this letter provides additional information about your options. This letter does not offer legal advice, but rather, it contains additional information so that you may make an informed decision. If you have any questions, then please contact an attorney.

As you may know, the recall of various pet food products has led to class action lawsuits filed in federal and state courts throughout the United States and Canada. A number of attorneys seek to represent the interests of pet owners, like yourself, whose pets may have been injured as a result of eating one of the products. You have already contacted us and we are responding to your claim; however, there are other options that you may want to consider and discuss with an attorney.

First, you may be eligible to participate in those class action lawsuits. If you elect to participate in those class actions and do not wish to continue to seek reimbursement directly from P&G Pet Care, then it is not necessary for you to do anything at this time and you should not return the signed release that we sent you in our earlier letter. If you already signed and returned the release and you wish to participate in the class action lawsuits, then please sign the attached form and return the form and any payment you received from P&G Pet Care in the enclosed self-addressed envelope. If you return the attached form and the reimbursement already provided to you from P&G Pet Care, then we will not seek to enforce any release you signed and returned previously to P&G Pet Care.

Second, you may resolve your claim directly with P&G Pet Care. If you have already signed and returned the release and received reimbursement, then it is not necessary for you to do anything. If you have not signed and returned the release and you wish to continue to seek reimbursement directly from P&G Pet Care, then return the release to us in the enclosed self-addressed envelope and we will send you a reimbursement check in the amount stated in our previous letter. Please note that if you sign the release and accept reimbursement directly from P&G Pet Care, then you will be releasing all claims related to any damages sustained as a result of the Menu Foods recall and you may not be permitted to participate in the above-mentioned class actions.

**Exhibit 4**

P&G Pet Care remains committed to reimbursing its customers for any reasonable expenses incurred as a result of dogs and cats consuming one of our products that was recalled. Any reimbursement provided by P&G Pet Care would require you to sign the release form that was provided previously.

Finally, you can do nothing. You are not required to seek reimbursement from P&G Pet Care or to contact any attorney associated with the class actions.

If you have any additional questions regarding the full extent of your options, then you should speak to an attorney. If you are currently represented by an attorney, then please forward this communication and ask your attorney to contact us directly.

Again, we are deeply saddened by your pet's illness.

Sincerely,


Marti Hissong

## NOTICE OF RETURN OF REIMBURSEMENT

            I, _____, no longer wish to resolve my claim directly with P&G Pet Care for reimbursement of reasonable expenses incurred as a result of my pet's consumption of one of P&G Pet Care's products that was subject to the Menu Foods recall. I have signed a release previously provided by P&G Pet Care and do not wish to be bound by that release. In addition, I have returned or am returning all reimbursements from P&G Pet Care provided previously to me, with this form.

       Date: _____            Name: _____

183957.1

**EXHIBIT 5**

## PHONE SCRIPT 6-21-2007.

## USE IMMEDIATELY

Date:_____

List of Class Action Defendants checked for _____
                                                    Claimant Name

      Claimant on list?    Yes_____ - No_____

Call made to _____

Hello, Mr/Mrs Claimant, this is (Your Name) with REM/Iams.

Before we begin our conversation, I must ask if you are represented by a lawyer or are you a member of one of the many class action lawsuits?

If no_____--Continue with your conversation

If yes_____. I am sorry. I am no longer allowed to continue speaking with you. Please have your attorney contact me at this office. We will now only be able to speak with him/her. Thank you. END OF CONVERSATION

If maybe_____. I am sorry. I am not allowed to speak with any individual until you have made a decision regarding whether or not you are going to be represented by a lawyer. If you choose a lawyer please have your lawyer contact me. If you decide not to choose a lawyer please give me a call. Thank you. END OF CONVERSATION.

**Exhibit 5**

**EXHIBIT 6**

# P&G Pet Care- Legal

**FROM:**    Stan Morton                    **DATE:**  6/20/2007

**TO:**        Marti Hissong                  **RETENTION:**
                Lynn McCahren
**SUBJECT:**  Communication With Represented Parties

This memo requests that you both **distribute the attached memo to all customer service representatives immediately** and to conduct an emergency meeting with all customer service personnel *ASAP* to discuss the attached memo.

As you know, plaintiffs recently filed a motion which, among other things, alleged that REM/P&G Pet Care representatives improperly contacted and communicated with represented parties. Plaintiffs' motion threatens to shut down Iams' Customer Service Line and prevent further communication with customers on subjects related to the recall.

**It is imperative that we prevent future mistakes from occurring.**

Accordingly, I ask that you both conduct an emergency meeting with all customer service personnel to discuss the attached memorandum in detail. Please answer any questions they might have, and let me or one of the other attorneys know if there are questions that we need to respond to. **Please emphasize the significant consequences that we may face should we inadvertently communicate with represented parties.**

Finally, I ask each of you institute a procedure to periodically monitor calls made by the customer service representatives, to ensure compliance with the policy. Please implement periodic monitoring of calls immediately.

Thank you for you attention to this.

*Stan Morton*
*General Counsel*

# *P&G Pet Care- Legal*

**FROM:**    Stan Morton                                   **DATE:**  6/20/2007

**TO:**    All *P&G Pet Care* and *Risk*
          *Enterprise Management*
          Consumer Service Personnel

**SUBJECT:**    **Standard Procedure For Communication With All Callers**

The purpose of this memo is to re-emphasize our mandatory procedure.  <u>Please</u>:

- **Under <u>no</u> circumstances are you to contact, mail or otherwise communicate with <u>any</u> person who has been identified as a Plaintiff in one of the many lawsuits that have been filed against Menu Foods, The Iams Company, The Procter & Gamble Company or anyone else.**  The current version of the list of named Plaintiffs is attached.  We will circulate an updated list to you as new Plaintiffs are identified.

- **For every call** -- before returning any phone call to any consumer, be certain to review the most up-to-date list of named Plaintiffs.

- **For every call** -- the <u>first question</u> you should ask each time you talk to a consumer is whether they are represented by an attorney or are a member of a class action.  Some consumers are represented by an attorney even though they are not a named Plaintiff on the lists of named Plaintiffs.

- **Immediately terminate any communication** -- if a caller states that he or she is represented by an attorney, has consulted with an attorney, or gives a response that makes it unclear whether they are represented by an attorney, --- terminate communication immediately with that individual.  If you are ever uncertain as to whether a caller is represented by an attorney or whether you should terminate a conversation, err on the side of caution and terminate communication.

- **If you terminate communication** because a caller is or may be represented by an attorney then be sure to record that information and clearly and boldly note on all files related to that individual, electronic and hard copy, that **"NO FURTHER COMMUNICATION SHOULD BE ATTEMPTED--REPRESENTED BY COUNSEL"** ; this includes telephone, mail, or any other method of communication or contact.

# *P&G Pet Care- Legal*

- **Ask each caller no matter how many times you have spoken to them.** Even if you are responding to a caller who has previously contacted Iams or REM and has already been asked whether they are represented by an attorney, it is very important that you ask them again. Each time you speak to a caller, regardless of the frequency, begin each conversation by asking them whether they are represented by an attorney. There is always a possibility that between communications, the caller retained an attorney or joined a class action.

It is essential that you understand and follow this procedure to prevent any improper communication with callers who are represented by an attorney. This is a very serious matter and I ask that you follow this procedure with the utmost care.

If you have any questions:

> Iams personnel please contact Marti Hissong at (937) 264-7363;
>
> REM personnel please contact Lynn McCahren at (770) 325-5112.

Thank you for your attention in this important matter.

**Stan Morton**

# *P&G Pet Care- Legal*

## NAMES AND ADDRESSES OF PLAINTIFFS IN THE MENU FOODS LITIGATION

### Arkansas

#### Cooper v. Menu Foods Income Fund, et al.

Kirby Cooper
2409 Woodland, Apt. 13
Texarkana, Arkansas

#### Gray, et al. v. Menu Foods, et al.

Sandra L. Gray
Benton County, Arkansas

Nick Jackson
Benton County, Arkansas

Deena Jackson
Benton County, Arkansas

#### Sims, et al. v. Menu Foods Income Fund, et al.

Charles Ray Sims
2705 W. Dogwood
Rogers, Arkansas

Pamela Sims
2705 W. Dogwood
Rogers, Arkansas

#### Stacey, et al. v. Nestle SA, et al.

Scott Stacey
Pulaski County, Arkansas

Donjinna Stacey
Pulaski County, Arkansas

#### Widen, et al. v. Menu Foods, et al.

Richard Scott Widen
Benton County, Arkansas

Barbara Widen
Benton County, Arkansas

# *P&G Pet Care- Legal*

### California

#### Carver v. Del Monte Foods Co., et al.

Cheryl Carver
Placer County, California

#### Chamberlain v. Nestle SA, et al.

Richard Chamberlain
California

#### Colliard v. Menu Foods, Inc., et al.

John Colliard
San Diego County, California

#### Englander v. Menu Foods Income Fund

Jayne Englander

Mitch Englander

#### Finestone v. Menu Foods, Inc., et al.

Kelly Finestone
Los Angeles County, California

#### Ford, et al. v. Menu Foods Income Fund, et al.

Hayley Ford
Jonestown, Texas

Shannon J. Kramer
Mesa, Arizona

#### Grady, et al. v. Menu Foods Income Fund, et al.

Lois Grady
County of Fresno, California

Kaye Steinsapir
County of Los Angeles, California

#### Howe v. Menu Foods Limited et al.

Dawn Howe
Paducah, Kentucky

# *P&G Pet Care- Legal*

Ingles v. Menu Foods, Inc., et al.

Sherry Ingles
Alameda County, California

Johnson, et al. v. Menu Foods, Inc., et al.

Paul Randolph Johnson

Tammy Navarrett

Lowery v. Menu Foods Income Fund, et al.

Diane Lowery
Richmond, California

Payne, et al. v. Menu Foods, Inc., et al.

Robert Payne
San Diego, California

Steve Bartilucci
Spring Valley, California

Sexton v. Menu Foods Income Fund, et al.

Shirley Sexton
Los Angeles County, California

Swarberg v. Menu Foods Holding Inc., et al.

Diane Swarberg
San Diego, California  92101

Townsend v. Menu Foods Limited, et al.

Dennis Lee Townsend

Glenna Townsend

Wahl, et al. v. Menu Foods Income Fund, et al.

Ken Wahl
County of Los Angeles, California

Shane Barbi
County of Los Angeles, California

Sia Barbi
County of Los Angeles, California

# *P&G Pet Care- Legal*

Jennifer Hart
County of Orange, California

Maria Mitchell
County of Orange, California

Sheila Washington
County of Los Angeles, California

## Colorado

Tompkins v. Menu Foods Midwest Corporation, et al.

Emily Tompkins
Denver, Colorado

## Connecticut

Osborne v. Menu Foods, Inc.

Lauri A. Osborne
Terryville (Litchfield County), Connecticut

## Florida

Alonso v. Pet Supermarket Inc., et al.

Richard Alonso

# *P&G Pet Care- Legal*

### Birney, et al. v. Menu Foods, Inc.

George Birney
Winter Springs, Florida

Audrey Birney
Winter Springs, Florida

### Blaszkowski, et al. v. Mars, Inc., et al.

Renee Blaszkowski
Oakland County, Michigan

Amy Hollub
Florida

Patricia Davis
Florida

### Donnelly, et al. v. Menu Foods, Inc., et al.

Stephen Donnelly
Miami Beach, Florida

Jennifer Hirni
Davenport, Florida

### Ferrarese v. Menu Foods, Inc., et al.

Maria Teresa Ferrarese
Cape Coral, Florida

### Schien v. Menu Foods, Inc.

Abby Schien

### Troiano v. Menu Foods, Inc., et al.

Christina Troiano
Broward County, Florida

# *P&G Pet Care- Legal*

### Hawaii

#### Ortiz v. Menu Foods, Inc.

Yvonne Ortiz
1465 Aala Street, #1201
Honolulu, Hawaii

### Idaho

#### Klimes et al. v. Menu Foods

Larry Klimes
Wendell, Idaho

Paul Lavoie
Boise, Idaho

Richard Mueller
Island Park, Idaho

### Illinois

#### Amro v. Menu Foods Income Fund, et al.

Heather Amro
Cook County, Illinois

#### Bruski v. Menu Foods, Inc., et al.

Gary Bruski
Cook County, Illinois

#### Demith, et al. v. Nestle Purina Petcare Company, et al.

Raymond Demith
Bolingbrook (Will County), Illinois

Kathleen Demith
Bolingbrook (Will County), Illinois

#### Foxe v. Menu Foods, Inc., et al.

Sonja Foxe
Cook County, Illinois

#### Majerczyk v. Menu Foods, Inc.

Dawn Majerczyk
Cook County, Illinois

# *P&G Pet Care- Legal*

## Indiana

### Karger, et al. v. Menu Foods Income Fund, et al.

Dina Karger
Tippecanoe County, Indiana

Denise Vollmer
Fountain County, Indiana

Dolly Prue-Cerda
Lake County, Indiana

Myrna Law
St. Joseph County, Indiana

## Maine

### Brazilian v. Menu Foods Income Fund, et al.

Mara Brazilian
Portland, Maine

## Massachusetts

### Connerton, et al. v. Menu Foods Midwest Corporation, et al.

Megan Connerton
Middlesex, Massachusetts

Kimberly Mello
Massachusetts

### Rodrigues v. Menu Foods, Inc., et al.

Lidia Rodrigues
New Bedford, Massachusetts

## Minnesota

### Krosschell v. Menu Foods Income Fund, et al.

Wendy Krosschell
Murray County, Minnesota

### Rozman v. Menu Foods Midwest Corporation, et al.

Stephanie Rozman
Hennipin County, Minnesota

# *P&G Pet Care- Legal*

**Mississippi**

    <u>Cavin v. Menu Foods, et al.</u>

        Sarah Cavin
        Adams County, Mississippi

**Missouri**

    <u>Schwinger v. Menu Foods, et al.</u>

        Richard Schwinger
        Barry County, Missouri

**Nevada**

    <u>Picus v. Wal-Mart Stores, Inc., et al.</u> (3 cases)

        Margaret Picus
        1120 Cathedral Ridge Street
        Henderson, Nevada

    <u>Streczyn v. Menu Foods Income Fund, et al.</u>

        Marion Streczyn
        Washoe County, Nevada

**New Jersey**

    <u>Berndl, et al. v. Menu Foods, Inc., et al.</u>

        Leslie Berndl
        New Castle, California

        Jim Moses


        Terri Moses


    <u>Bonier v. Menu Foods, Inc., et al.</u>

        Janice Bonier
        Fort Bend, Texas

        Guy Britton


        Tammy Matthews

# *P&G Pet Care- Legal*

<u>Bullock v. Menu Foods, Inc., et al.</u>

Jim Bullock
Bend, Oregon

<u>Byers, et al. v. Menu Foods, Income Fund, et al.</u>

Camilla Brankov
Red Bluff (County of Tehama), California

Kay Byers
Irving (Dallas County), Texas

Loren Byers
Irving (Dallas County), Texas

<u>Carestio v. Menu Foods Limited, et al.</u>

Lynn Carestio
1 Christian Street
Philadelphia, Pennsylvania

<u>Carter v. Menu Foods, Inc., et al.</u>

David Carter
Philadelphia, Pennsylvania

<u>Colquitt, et al. v. Menu Foods, Inc., et al.</u>

Steve Colquitt
Colorado

Marianna Cutter
Colorado

<u>Conner et al. v. Menu Foods, Inc., et al.</u>

James Conner
Coweta, Georgia

Frances Nash

<u>Conti, et al. v. Menu Foods Limited, et al.</u>

Chantelle Conti
59 Myrtle Street
Boston, Massachusetts  02114

# *P&G Pet Care- Legal*

Cheri Cutler
923 Latimer Street
Philadelphia, Pennsylvania 19107

Cunningham v. Menu Foods, Inc.

Senell Cunningham

deBarathy v. Menu Foods Income Fund, et al.

Luke de Barathy
Federal Way, Washington

Diedrich v. Menu Foods, Inc., et al.

Diana Diedrich
608 Carnival Terrace
Sebastian, Florida 32958

Freeman v. Menu Foods, Inc., et al.

Steven Freeman
1648 S.E. Green Acres Circle, Apt. EE 203
Port St. Lucie, Florida 34952

Gagliardi v. Menu Foods, Inc., et al.

Troy Gagliardi
771 N.E. 32nd Street
Boca Raton, Florida 33431

Golding v. Menu Foods Limited, et al.

Mark Golding
Pleasant Mount, Pennsylvania

Guercioni v. Menu Foods Limited, et al.

Olivia Guercioni
4 Ships Drive
Egg Harbor Township (Atlantic County), New Jersey 08234

Hidalgo v. Menu Foods, Inc., et al.

Julie Hidalgo
10486 Augusta Court
Boca Raton, Florida 33498

# *P&G Pet Care- Legal*

Johnson v. Menu Foods, Inc.

    Christina Johnson
    Tampa (Hillsborough County), Florida

Long v. Menu Foods Income Fund, et al.

    Matt Long
    Reading, (Berks County), Pennsylvania

McCullough v. Menu Foods Income Fund, et al.

    Michele McCullough
    10237 Barrands Lane
    Concord, North Carolina  28278

McGuriman v. Menu Foods, Inc., et al.

    Judy McGuriman
    616 Wimbledon Lane
    Hatfield, Pennsylvania  19440

Nunez v. Menu Foods Limited, et al.

    Dinitrise Hicks
    60 Grant Road, Apt.22
    Folcroft, Pennsylvania

    Alexander Nunez
    Jackson Heights, New York

Pirches, et al. v. Menu Foods Income Fund, et al.

    Karen Pirches
    716 East Lincoln Highway
    Coatesville, Pennsylvania

Pittsonberger v. Menu Foods Inc., et al.

    Jayme Pittsonberger
    Alexandria, Virginia

Richard, et al. v. Menu Foods Income Fund, et al.

    Paul Richard
    Hillman, Michigan

    Jennifer Richard
    Hillman, Michigan

# *P&G Pet Care- Legal*

Schneider v. Menu Foods Limited, et al.

>Peggy Schneider
>431 Leconey Avenue
>Palmyra, New Jersey  08065

Sokolwski v. Menu Foods, Inc., et al.

>Todd Sokolwski (Sokolowski)
>Enfield, (Hartford County) Connecticut

Thomson v. Menu Foods Income Fund, et al.

>Suzanne Thomson
>3379 Route 46, Apt. 9-F
>Parsippany, New Jersey  07054

>Robert Trautman
>3379 Route 46, Apt. 9-F
>Parsippany, New Jersey  07054

Tinker v. Menu Foods, Inc.

>Linda Tinker
>California

Turturro v. Menu Foods, Inc., et al.

>Kami Turturro
>150 Andrews Avenue, #8
>Delray Beach, Florida  33483

Wilson v. Menu Foods, Inc., et al.

>Larry Wilson
>Lodi, California

Workman, et al. v. Menu Foods Limited, et al.

>Jared Workman
>1150 Unit D, Monroe Drive
>Boulder, Colorado  80303

>Mark Cohen
>1415 Brighton Street
>Philadelphia, Pennsylvania  19111

>Mona Cohen
>1415 Brighton Street
>Philadelphia, Pennsylvania  19111

# *P&G Pet Care- Legal*

## New York

### Bobb v. Menu Foods Income Fund, et al.

Frederick Bobb
(County of Nassau) New York

Sandra Bobb
(County of Nassau) New York

### Cashman, et al. v. Menu Foods Midwest Corporation, et al.

Ciro Aiello
Suffolk County, New York

Mark Cashman
Westchester County, New York

## Ohio

### Boehm v Menu Foods, Inc., et al.

Gregory Boehm
20110 Lorain Road, Apt. 317
Fairview Park, Ohio  44126

## Pennsylvania

### DiCaprio v. Menu Foods Income Fund, et al.

Mary DiCaprio
225 Glen Avenue
Ellwood City, (Lawrence County) Pennsylvania  16117

### Sansoni v The Procter & Gamble Company

Lanette Sansoni
661 Whittier Drive
Warminster, Pennsylvania  18974

# *P&G Pet Care- Legal*

### Keller v. Menu Foods Limited, et al.

Dixie Keller
Fairfield, (Adams County) Pennsylvania

## Rhode Island

### Brown v. Menu Foods, Inc., et al.

Carol Brown
Johnston, Rhode Island

## Tennessee

### Bowser v. Nestle Purina Pet Care Company

Kimberly Bowser
Shelby County, Tennessee

### Holt, et al. v. Menu Foods, Inc.

Lizajean Holt
Knox County, Tennessee

Donna Lefebvre
Maine

Kim Leonard
Marblehead, Ohio

Debra Leroy
Garland, Texas

### Light et al. v. Menu Foods Income Fund

Janis Crawford

Barbara Light

Peggy Martin

Vickie Williams

## Washington

### Adams v. Menu Foods

Michele Adams
Shoreline, Washington

# *P&G Pet Care- Legal*

### Boyer v. Menu Foods

Tony Boyer
Twenty-Nine Palms, California

### Brenton v. Menu Foods

Norman Brenton
Redmond, Oregon

### Dineen v. Menu Foods

Lerae Dineen
Seattle, Washington

### Eilers v. Menu Foods

Teresa Eilers
Brush Prairie, Washington

### Guthrie v. Menu Foods

Nancy Guthrie
Tacoma, Washington

### Heller et al. v. Menu Foods

Stacey Heller
Pulaski, Virginia

Toinette Robinson
Truckee, California

David Rapp
Hanover Township, Pennsylvania

Cecily Mitchell
Seattle, Washington

Terrence Mitchell
Seattle, Washington

### Kornelius, et al. v. Menu Foods

Audrey Kornelius
Ferndale, (Whatcom County) Washington

Barbara Smith
Bremerton, Washington

# *P&G Pet Care- Legal*

### Johnson, et al. v. Menu Foods

>   Suzanne F. Johnson
>   Meridian, (Ada County) Idaho

>   Craig R. Klemann
>   Meridian, Idaho

### Labbate v. Menu Foods

>   Jason Labbate
>   Lindenhurst, New York

### Migliore v. Menu Foods

>   Laura Migliore
>   Queens County, New York

### Monk v. Menu Foods

>   Paula Monk
>   Lagrange, Georgia

### Moran v. Menu Foods

>   Gail Moran
>   Oak Park, (Clark County) Illinois

### Mullen v. Menu Foods

>   Deborah Mullen
>   Toluca Lake, California

### Nagel v. Menu Foods

>   Lynda Nagel
>   Pine Grove, California

### Palmer v. Menu Foods

>   Elizabeth Palmer
>   Little Falls, New York

### Percy v. Menu Foods

>   Helen Percy
>   Brighton, Massachusetts

# *P&G Pet Care- Legal*

Puett v. Menu Foods

    Sheryl Puett
    Mead, (Spokane County) Washington

Reeves v. Menu Foods

    Daniel Ray Reeves
    Federal Way, Washington

Robinson v. Menu Foods

    Sheree A. Robinson
    Seattle, Washington

Rusiecki v. Menu Foods

    Jeff Rusiecki
    Ilwaco, Washington

Shingle v. Menu Foods

    Sandra Shingle
    Spring Hill, Florida

Suggett et al. v. Menu Foods, et al.

    Michele Suggett
    Seattle, Washington

    Don James
    Seattle, Washington

Thomas v. Menu Foods

    Gary Thomas
    Cuba, Missouri

Ullman v. Menu Foods

    Phyllis Ullman
    Houston, Texas

Weitz v. Menu Foods

    Linda Weitz
    Sulphur Springs, Texas

# *P&G Pet Care- Legal*

### Whaley v. Menu Foods, et al.

Tom Whaley
Ontario, Oregon

### Whitt v. Menu Foods

Megan Whitt
Dover, Delaware

## **Wisconsin**

### Johnson v. The Procter & Gamble Company, et al.

Jacqueline Johnson
Wisconsin

### Pagel v. Menu Foods, Inc., et al.

Joy Pagel
3011 Elm Lane
Middleton, WI 53562

# *P&G Pet Care- Legal*

<u>CANADA</u>

<u>Joel v. Menu Foods Genpar Limited, et al.</u>

Vicki Joel
Maple Ridge, British Columbia

<u>Krstic, et al. v. Menu Foods Genpar Limited, et al.</u>

Diana Krstic
Toronto, Ontario

Debbie Mullen
Leamington, Ontario

<u>Landry, et al. v Menu Foods, et al.</u>

Leona Landry
Toronto, Ontario

Danny Salvador Haig-Carter
Toronto, Ontario

Susan Mallatratt
Toronto, Ontario

<u>Milette v. Menu Foods LTD, et al.</u>

Robert Milette
Toronto, Ontario

<u>Option Consommateurs, et al. v. Menu Foods Income Fund, et al.</u>

Gerald Duc
129 Chemin du Domaine,
Alcove, Province of Quebec J0X 1A0

Option Consommateurs
L'Association D'Economie Familiaile Du Centre De Montreal
2120 Sherbrooke East, Suite 604
Montreal, Province of Quebec H2K 1C3