**EXHIBIT C**

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TODD SOKOLOWSKI, individually and on behalf of all others similarly situated, | : : : | CASE NO. 1:07-cv-01709-NLH-AMD |
| Plaintiffs, | : : | (Judge Noel L. Hillman) |
| v. | : : | |
| MENU FOODS, INC., et al., | : | **DECLARATION OF LYNN MCCAHREN** |
| Defendants. | : : : | |

STATE OF GEORGIA       )
                          ) ss:
COUNTY OF FULTON     )

      I am making this Declaration based upon personal knowledge, and I am competent to testify to the matters stated below.

A.        <u>BACKGROUND</u>

      1.     I am employed by Risk Enterprise Management Limited ("REM") as its Unit Manager and am responsible for supervising and training all of the REM employees who work on returning the calls of some of the customers that contact The Iams Company ("Iams") to seek reimbursement for costs associated with the Menu Foods recall. I have been employed by REM since 2001.

**Exhibit C**

2.    REM has been retained to assist Iams in order to respond to customers of the Iams and Eukanuba brand dog and cat food products. REM is assisting Iams by returning the calls of some of Iams' customers who contact Iams' Customer Service Department seeking reimbursement for products and certain other expenses associated with the customers' pets consuming Iams' products that were subject to the Menu Foods recall. I am responsible for managing the full-time and part-time employees who are assisting Iams in this effort.

B.        MENU FOODS RECALL

3.    I understand that beginning on March 16, 2007, Menu Foods issued a series of voluntary recalls of certain "cuts and gravy" wet pet food products that were manufactured at two of Menu Foods' facilities. I further understand that Iams announced a broader recall on the same date and stated that it was voluntarily recalling all Iams and Eukanuba brand products that were manufactured by Menu Foods.

4.    I understand that the effect of the recall was to immediately swamp Iams' Customer Service Department with telephone calls. Many of Iams' customers called with questions about the scope of Menu Foods' and Iams' recall. Customers also called to return unopened, recalled products and to request reimbursement, based upon Iams' guarantees. Many customers were understandably concerned about illness and even the death of their pets, and they wanted to know whether veterinary expenses and other costs would be reimbursed or paid by Iams directly.

C.        IAMS' CUSTOMER SERVICE CALLS AND REM INVOLVEMENT

5.    Due to the volume of calls associated with the recall, REM was retained on March 29, 2007, to assist with the overflow of customers who were calling the customer

Declaration of Lynn McCahren                                                          2

service line. Iams continues to answer all of the initial calls about the recall on its customer

service lines; however, REM is assisting Iams as it responds to the concerns and questions of

customers about the Iams and Eukanuba brand products. We have set up approximately 8,175

customer claims. In addition, Iams and REM continue to assist customers with reimbursements

for products purchased and veterinarian expenses.

6.      While all calls are answered initially by Iams' Customer Service

Department, REM is provided with customer contact information to respond to some of the

customers who have contacted the Customer Service Line.

7.      In an effort to accurately and effectively respond to customer calls seeking

information about the recall, REM and Iams have developed specific training to assist Iams'

Specialists and REM's Representatives with answering the customer questions. For example,

when customers call with questions about the recall or for reimbursement, REM Representatives

are trained to assist the customers. With the customer's permission, REM representatives

contact the customer's veterinarian to discuss any treatments that may have occurred as a result

of that pet's consumption of a Menu Foods' recalled product and to pay the veterinarian bills that

relate to an Iams product that was subject to the Menu Foods recall to make sure that the

customer's pet gets needed medical treatment, without any delay, because of an inability to pay.

8.      Iams, with REM's assistance, continues to reimburse customers for the full

amount of the recalled pet foods and the full amount of any veterinarian bills that have been

shown to have been expended as a result of a pet consuming an Iams or Eukanuba brand recalled

product. In addition, for customers who have pets that require additional treatments from

veterinarians for issues related to the consumption of a Menu Foods' recalled product sold by

Declaration of Lynn McCahren                                                      3

Iams, Iams will reimburse customers for associated veterinarian's expenses for the four months following the resolution of the claim.

D.    ONGOING REVIEW

9.    REM has not initiated any contact with customers. REM has only responded to customers who contacted Iams as a direct result of the customer calling the number that has been published by Iams on its packaging and website. I understand that this number has been published by Iams for many years.

10.    Iams has instructed REM not to discuss any matters with persons who indicate that they are represented by counsel. In such circumstances, REM Representatives are instructed to obtain the contact information for the customer's attorney and will contact the attorney directly to discuss reimbursement. It is REM's policy not to discuss any matter with a customer who says they are represented by an attorney.

11.    Throughout the engagement between REM and Iams, REM and Iams have reviewed the policies and procedures used by REM. For example, REM was notified that one of the plaintiff's attorneys contacted Iams' Legal Department stating that a REM Representative returned the telephone call of a customer who claimed to have filed a class action complaint against Menu Foods. In response, Iams investigated immediately and circulated a list of all of the plaintiffs who have filed complaints against Menu Foods. Iams instructed REM not to return the telephone calls of those customers, even if they called the Customer Service Line. In addition, Iams' personnel have visited REM's Atlanta, Georgia offices to ensure that REM enacted the revised policy and that we were not contacting any named plaintiffs or represented

parties. We have frequent conversations with Iams in order to ensure that proper procedures are being followed.

12.     When Iams became concerned that named plaintiffs or other represented parties may be contacting Iams' Customer Service Department directly to seek reimbursement even after filing a lawsuit or seeking representation of counsel, Iams required REM's Representatives to ask all customers who are contacted by REM whether they are represented by counsel in the matter as the first question that is asked by the Specialist or Representative. While REM will not discuss any matter with a party that claims to be represented by counsel as a matter of policy absent written consent from the party's counsel, REM initiated this precautionary measure, as requested by Iams, to ensure that no discussions about reimbursement were being held with any represented party.

13.     REM utilizes all letters and releases provided by Iams when seeking to reimburse customers for veterinarian expenses greater than $1,000 or expenses other than veterinarian bills. As Iams has revised its letters or releases, REM immediately utilizes the revised letters and releases upon notice by Iams.

E.      REM'S COMMUNICATION WITH TODD SOKOLOWSKI

14.     In the ordinary course of REM's business, REM maintains a log of any communications or attempted communications it has with customers. Based on those logs and related correspondence maintained in the regular course of REM's business, it is possible to identify communications with the three persons who filed affidavits or declarations with this court.

15.     On or about March 26, 2007, Todd Sokolowski contacted the Iams Customer Service Line. In late May, 2007, a REM representative returned Mr. Sokolowski's call, but the telephone number had been disconnected.

16.     It is my understanding that on April 9, 2007, Mr. Sokolowski filed a Class Action Complaint against Iams and others. I further understand that Mr. Sokolowski's name is misspelled on the face of the Complaint, which says "Sokolwski." Iams' counsel noticed the apparent misspelling and listed Mr. Sokolowski as "Todd Sokolwski (Sokolowski)" on the list of named Plaintiffs that REM is instructed not to contact.

17.     When REM prepared to send a letter to Mr. Sokolowski, we compared his name to the list of named Plaintiffs, but failed to notice the alternate spelling of his name. Since Mr. Sokolowski's name did not match the name "Sokolwski" on the list of named Plaintiffs that we had been provided, REM sent a letter to him. We did not realize that Mr. Sokolwski was Mr. Sokolowski until we heard from Iams' counsel on June 19, 2007.

18.     Importantly, there were no oral communications by REM with Mr. Sokolowski. If REM had contacted him by telephone, or he had called us, the first question we would have asked is whether he is represented by an attorney. Upon learning that he was, we would have terminated communications.

F.      REM'S COMMUNICATION WITH CAROL CHIAPPETTA

19.     Carol Chiappetta called the Iams' Customer Service Line on May 11, 2007 to report that her dog died after consuming Iams Beef & Gravy.

20.     On May 19, 2007, REM left a message for Ms. Chiappetta in response to her complaint.

21.     A REM representative spoke with Ms. Chiappetta on May 23, 2007 and gathered information. The representative also asked that Ms. Chiappetta fax copies of the deceased dog's veterinarian bills.

22.     On June 1, 2007, REM called Ms. Chiappetta to follow up on obtaining veterinarian invoices. Prior to requesting invoices, REM asked Ms. Chiappetta if she was represented by counsel or a member of a class action. Ms. Chiappetta stated that "she will join the class action." REM understood this to mean that she was not represented because she had not yet joined a class action. REM did not make any further inquires, but rather told Ms. Chiappetta that REM would call her back to determine whether she had decided to join a class action. A copy of the June 1, 2007 Activity Log is attached as Exhibit 1.

23.     On June 4, 2007, REM called Ms. Chiappetta to determine whether she had decided to retain counsel. At this time, Ms. Chiappetta stated that she had retained Bruce Newman as her attorney. REM immediately ended the conversation.

G.      REM'S COMMUNICATION WITH KERRI HAMILTON

24.     In mid-March, Kerri Hamilton contacted Iams' Customer Service Line. Ms. Hamilton stated that her Yorkshire Terrier ("Yorkie") died from kidney failure and she was worried about the health of her other two Yorkies. In response to Ms. Hamilton's complaint, Dr. Amy Dicke, a Technical Services Veterinarian for Iams, assessed her claims and determined that she should be reimbursed for veterinary expenses.

25.     Additionally, on March 22, 2007, Kerri Hamilton filed a complaint with the Better Business Bureau ("BBB"), Case No. 42008173. The BBB requested Iams to respond to her complaint. After Dr. Dicke was unable to resolve Ms. Hamilton's complaint, Iams asked me to contact Ms. Hamilton in an attempt to resolve her complaint. The March 22, 2007 BBB complaint is attached as Exhibit 2.

26.     On April 12, 2007, I called Ms. Hamilton to discuss her complaint and attempt to resolve her claims. Ms. Hamilton told me that she did not think she should be required to sign a release and that she should be reimbursed to replace her deceased Yorkie. I offered Ms. Hamilton $375.00 to compensate her for her Yorkie. Ms. Hamilton claimed that her Yorkie was a purebred and was worth $750.00 to $1,000.00. I asked her to send me the deceased Yorkie's papers to validate the claim. Ms. Hamilton did not have any papers indicating that her dog was a purebred, and therefore I was unable to offer more than $375.00.

27.     I spoke to Ms. Hamilton again on May 4, 2007, after she had responded to the BBB. I again attempted to resolve her complaints, but we were unable to reach agreement. During the conversation, Ms. Hamilton mentioned an "attorney friend" and I encouraged her to contact an attorney since we had been unable to reach any resolution.

28.     On May 8, 2007, Ms. Hamilton informed the BBB that she had signed the paperwork to be part of the class action law suits. Immediately upon learning that Ms. Hamilton was represented by counsel, an e-mail was submitted to the BBB indicating that any further communication with Ms. Hamilton would have to occur through her counsel. I have not spoken to Ms. Hamilton since early May.

29.    In the course of my extensive communications with Ms. Hamilton, I did explain to her that there was a three-year statute of limitations in Michigan which covered her claim. I also told her that her pet was considered property. I provided this information so that she knew that there was no rush to sign the release and so that she understood that I was offering a reasonable amount to replace her deceased Yorkie. I was, however, recently advised by Iams' counsel not to provide information to customers that could be construed as legal advice.

30.    On May 23, 2007, the BBB sent a letter to Kurt Weingard, P&G Pet Care closing the case.

H.        REM HAS INSTITUTED PREVENTATIVE MEASURES

31.    On June 18, 2007, we became aware, as a result of Plaintiff's Emergency Motion for a Protective Order, that several represented parties claimed that they were contacted by REM via telephone and mail. For the reasons set forth above, I do not agree that our contacts with Mr. Sokolowski, Ms. Chiappetta or Ms. Hamilton were improper.

32.    On June 20, 2007, I received a memorandum from W. Stanley Morton, Iams' General Counsel, requesting that I:  (1) immediately circulate a memorandum to all REM customer service personnel reminding them of our policy not to communicate with or contact represented parties; (2) hold a mandatory meeting for all customer service representatives to emphasize the importance of the policy and answer any questions; and (3) implement a policy to periodically monitor customer service representatives to ensure that all representatives were in compliance with Iams' policy. I have complied with all three requests. June 20, 2007 Memorandum, including its attachment, is attached as Exhibit 3.

Declaration of Lynn McCahren                                                    9

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 22, 2007.

Lynn McCahren

184677.1

**EXHIBIT 1**

2004

CLAIM NUMBER: 5710834#E7
CONTROL #:
CLAIMANT NAME: Carol Chiappet

PAGE NO.

| TIME | | |
|------|------|------------------------------------------|
| | 5-19-0 | Left message |
| | 5-23-0 | Talk to consumer waiting for fax |
| | 6-1-07 | call consumer to get the Invoices and his name and number, she stated that she will join the class action and will call be back later |
| | 6-8-07 | Her Lawyer name is Bruce Newman. Phone number 860-583-5200 |

**Exhibit 1**

**EXHIBIT 2**

Better Business Bureau
## COMPLAINT ACTIVITY REPORT  Case # 42008173

**Consumer Info:** Hamilton, Kerri
667 Francis Dr.
Traverse City, MI 49686
231 932-1279 231 932-1279

**Business Info:** P&G Pet Care
7250 Poe Ave.
Dayton, OH 45414
937 264-7002

**Consumer's Original Complaint:**
I had an 8 year old yorkie named Molly. On March 6 she was throwing up and I tooke her to the vet. When I got to the vet I was told she was in kidney failure. Two days later it had spread to her Liver and Molly was put to sleep. Molly was eating Iams in the pouches. I have another Yorkie named Jazzie. She is on a Detox and has a kidney infection and an enlarged heart. I talked to a Dr. Dicky from Iams on Saturday March 17. Dr. Dicky promised me she would call my vet about my dogs. I have huge vet bills and one dead dog. Iams sits their behind closed doors and did not follow through with what I was told they would follow through. I have one dead dog and a sick dog because I trusted their product and believed their advertisements.

**Consumer's Desired Resolution:**
I would like my vet bills paid for and a female yorkie. I would like future vet bills for Jazzie also covered by them. I had a female yorkie and she is gone because of their company, I would like another female yorkie.

**BBB Processing**

| | | | |
|---|---|---|---|
| 03/22/2007 | web | BBB | Complaint Received by BBB |
| 03/23/2007 | claw | BBB | Member or MIP Complaint Validated by BBB Operator |
| 03/23/2007 | Otto | EMAIL | Send Acknowledgement to Consumer |
| 03/23/2007 | Otto | BBB | Inform MIP Member of Complaint |

**Exhibit 2**

**EXHIBIT 3**

# *P&G Pet Care- Legal*

**FROM:**    Stan Morton        **DATE:**  6/20/2007

**TO:**    Marti Hissong        **RETENTION:**
        Lynn McCahren

**SUBJECT:**    Communication With Represented Parties

This memo requests that you both **distribute the attached memo to all customer service representatives immediately** and to conduct an emergency meeting with all customer service personnel *ASAP* to discuss the attached memo.

As you know, plaintiffs recently filed a motion which, among other things, alleged that REM/P&G Pet Care representatives improperly contacted and communicated with represented parties. Plaintiffs' motion threatens to shut down Iams' Customer Service Line and prevent further communication with customers on subjects related to the recall.

**It is imperative that we prevent future mistakes from occurring.**

Accordingly, I ask that you both conduct an emergency meeting with all customer service personnel to discuss the attached memorandum in detail. Please answer any questions they might have, and let me or one of the other attorneys know if there are questions that we need to respond to. **Please emphasize the significant consequences that we may face should we inadvertently communicate with represented parties.**

Finally, I ask each of you institute a procedure to periodically monitor calls made by the customer service representatives, to ensure compliance with the policy. Please implement periodic monitoring of calls immediately.

Thank you for you attention to this.


*Stan Morton*
*General Counsel*

# *P&G Pet Care- Legal*

**FROM:**     Stan Morton                          **DATE:**  6/20/2007

**TO:**     All *P&G Pet Care* and *Risk*
              *Enterprise Management*
              Consumer Service Personnel

**SUBJECT:**     **Standard Procedure For Communication With All Callers**

The purpose of this memo is to re-emphasize our mandatory procedure.  <u>Please</u>:

- **Under <u>no</u> circumstances are you to contact, mail or otherwise communicate with <u>any</u> person who has been identified as a Plaintiff in one of the many lawsuits that have been filed against Menu Foods, The Iams Company, The Procter & Gamble Company or anyone else.** The current version of the list of named Plaintiffs is attached.  We will circulate an updated list to you as new Plaintiffs are identified.

- **For every call** -- before returning any phone call to any consumer, be certain to review the most up-to-date list of named Plaintiffs.

- **For every call** -- the <u>first question</u> you should ask each time you talk to a consumer is whether they are represented by an attorney or are a member of a class action.  Some consumers are represented by an attorney even though they are not a named Plaintiff on the lists of named Plaintiffs.

- **Immediately terminate any communication** -- if a caller states that he or she is represented by an attorney, has consulted with an attorney, or gives a response that makes it unclear whether they are represented by an attorney, --- terminate communication immediately with that individual.  If you are ever uncertain as to whether a caller is represented by an attorney or whether you should terminate a conversation, err on the side of caution and terminate communication.

- **If you terminate communication** because a caller is or may be represented by an attorney then be sure to record that information and clearly and boldly note on all files related to that individual, electronic and hard copy, that "**NO FURTHER COMMUNICATION SHOULD BE ATTEMPTED--REPRESENTED BY COUNSEL**" ; this includes telephone, mail, or any other method of communication or contact.

# *P&G Pet Care- Legal*

- **Ask each caller no matter how many times you have spoken to them.** Even if you are responding to a caller who has previously contacted Iams or REM and has already been asked whether they are represented by an attorney, it is very important that you ask them again. Each time you speak to a caller, regardless of the frequency, begin each conversation by asking them whether they are represented by an attorney. There is always a possibility that between communications, the caller retained an attorney or joined a class action.

It is essential that you understand and follow this procedure to prevent any improper communication with callers who are represented by an attorney. This is a very serious matter and I ask that you follow this procedure with the utmost care.

If you have any questions:

> Iams personnel please contact Marti Hissong at (937) 264-7363;

> REM personnel please contact Lynn McCahren at (770) 325-5112.

Thank you for your attention in this important matter.

*Stan Morton*

# *P&G Pet Care- Legal*

## NAMES AND ADDRESSES OF PLAINTIFFS IN THE MENU FOODS LITIGATION

### Arkansas

Cooper v. Menu Foods Income Fund, et al.

Kirby Cooper
2409 Woodland, Apt. 13
Texarkana, Arkansas

Gray, et al. v. Menu Foods, et al.

Sandra L. Gray
Benton County, Arkansas

Nick Jackson
Benton County, Arkansas

Deena Jackson
Benton County, Arkansas

Sims, et al. v. Menu Foods Income Fund, et al.

Charles Ray Sims
2705 W. Dogwood
Rogers, Arkansas

Pamela Sims
2705 W. Dogwood
Rogers, Arkansas

Stacey, et al. v. Nestle SA, et al.

Scott Stacey
Pulaski County, Arkansas

Donjinna Stacey
Pulaski County, Arkansas

Widen, et al. v. Menu Foods, et al.

Richard Scott Widen
Benton County, Arkansas

Barbara Widen
Benton County, Arkansas

# *P&G Pet Care- Legal*

**California**

### Carver v. Del Monte Foods Co., et al.

Cheryl Carver
Placer County, California

### Chamberlain v. Nestle SA, et al.

Richard Chamberlain
California

### Colliard v. Menu Foods, Inc., et al.

John Colliard
San Diego County, California

### Englander v. Menu Foods Income Fund

Jayne Englander

Mitch Englander

### Finestone v. Menu Foods, Inc., et al.

Kelly Finestone
Los Angeles County, California

### Ford, et al. v. Menu Foods Income Fund, et al.

Hayley Ford
Jonestown, Texas

Shannon J. Kramer
Mesa, Arizona

### Grady, et al. v. Menu Foods Income Fund, et al.

Lois Grady
County of Fresno, California

Kaye Steinsapir
County of Los Angeles, California

### Howe v. Menu Foods Limited et al.

Dawn Howe
Paducah, Kentucky

# *P&G Pet Care- Legal*

Ingles v. Menu Foods, Inc., et al.

    Sherry Ingles
    Alameda County, California

Johnson, et al. v. Menu Foods, Inc., et al.

    Paul Randolph Johnson

    Tammy Navarrett

Lowery v. Menu Foods Income Fund, et al.

    Diane Lowery
    Richmond, California

Payne, et al. v. Menu Foods, Inc., et al.

    Robert Payne
    San Diego, California

    Steve Bartilucci
    Spring Valley, California

Sexton v. Menu Foods Income Fund, et al.

    Shirley Sexton
    Los Angeles County, California

Swarberg v. Menu Foods Holding Inc., et al.

    Diane Swarberg
    San Diego, California  92101

Townsend v. Menu Foods Limited, et al.

    Dennis Lee Townsend

    Glenna Townsend

Wahl, et al. v. Menu Foods Income Fund, et al.

    Ken Wahl
    County of Los Angeles, California

    Shane Barbi
    County of Los Angeles, California

    Sia Barbi
    County of Los Angeles, California

# *P&G Pet Care- Legal*

Jennifer Hart
County of Orange, California

Maria Mitchell
County of Orange, California

Sheila Washington
County of Los Angeles, California

## Colorado

Tompkins v. Menu Foods Midwest Corporation, et al.

Emily Tompkins
Denver, Colorado

## Connecticut

Osborne v. Menu Foods, Inc.

Lauri A. Osborne
Terryville (Litchfield County), Connecticut

## Florida

Alonso v. Pet Supermarket Inc., et al.

Richard Alonso

# *P&G Pet Care- Legal*

Birney, et al. v. Menu Foods, Inc.

    George Birney
    Winter Springs, Florida

    Audrey Birney
    Winter Springs, Florida

Blaszkowski, et al. v. Mars, Inc., et al.

    Renee Blaszkowski
    Oakland County, Michigan

    Amy Hollub
    Florida

    Patricia Davis
    Florida

Donnelly, et al. v. Menu Foods, Inc., et al.

    Stephen Donnelly
    Miami Beach, Florida

    Jennifer Hirni
    Davenport, Florida

Ferrarese v. Menu Foods, Inc., et al.

    Maria Teresa Ferrarese
    Cape Coral, Florida

Schien v. Menu Foods, Inc.

    Abby Schien

Troiano v. Menu Foods, Inc., et al.

    Christina Troiano
    Broward County, Florida

# *P&G Pet Care- Legal*

**Hawaii**

> Ortiz v. Menu Foods, Inc.
>
> > Yvonne Ortiz
> > 1465 Aala Street, #1201
> > Honolulu, Hawaii

**Idaho**

> Klimes et al. v. Menu Foods
>
> > Larry Klimes
> > Wendell, Idaho
> >
> > Paul Lavoie
> > Boise, Idaho
> >
> > Richard Mueller
> > Island Park, Idaho

**Illinois**

> Amro v. Menu Foods Income Fund, et al.
>
> > Heather Amro
> > Cook County, Illinois
>
> Bruski v. Menu Foods, Inc., et al.
>
> > Gary Bruski
> > Cook County, Illinois
>
> Demith, et al. v. Nestle Purina Petcare Company, et al.
>
> > Raymond Demith
> > Bolingbrook (Will County), Illinois
> >
> > Kathleen Demith
> > Bolingbrook (Will County), Illinois
>
> Foxe v. Menu Foods, Inc., et al.
>
> > Sonja Foxe
> > Cook County, Illinois
>
> Majerczyk v. Menu Foods, Inc.
>
> > Dawn Majerczyk
> > Cook County, Illinois

# *P&G Pet Care- Legal*

### Indiana

Karger, et al. v. Menu Foods Income Fund, et al.

Dina Karger
Tippecanoe County, Indiana

Denise Vollmer
Fountain County, Indiana

Dolly Prue-Cerda
Lake County, Indiana

Myrna Law
St. Joseph County, Indiana

### Maine

Brazilian v. Menu Foods Income Fund, et al.

Mara Brazilian
Portland, Maine

### Massachusetts

Connerton, et al. v. Menu Foods Midwest Corporation, et al.

Megan Connerton
Middlesex, Massachusetts

Kimberly Mello
Massachusetts

Rodrigues v. Menu Foods, Inc., et al.

Lidia Rodrigues
New Bedford, Massachusetts

### Minnesota

Krosschell v. Menu Foods Income Fund, et al.

Wendy Krosschell
Murray County, Minnesota

Rozman v. Menu Foods Midwest Corporation, et al.

Stephanie Rozman
Hennipin County, Minnesota

# *P&G Pet Care- Legal*

**Mississippi**

    Cavin v. Menu Foods, et al.

        Sarah Cavin
        Adams County, Mississippi

**Missouri**

    Schwinger v. Menu Foods, et al.

        Richard Schwinger
        Barry County, Missouri

**Nevada**

    Picus v. Wal-Mart Stores, Inc., et al. (3 cases)

        Margaret Picus
        1120 Cathedral Ridge Street
        Henderson, Nevada

    Streczyn v. Menu Foods Income Fund, et al.

        Marion Streczyn
        Washoe County, Nevada

**New Jersey**

    Berndl, et al. v. Menu Foods, Inc., et al.

        Leslie Berndl
        New Castle, California

        Jim Moses

        Terri Moses

    Bonier v. Menu Foods, Inc., et al.

        Janice Bonier
        Fort Bend, Texas

        Guy Britton

        Tammy Matthews

# *P&G Pet Care- Legal*

Bullock v. Menu Foods, Inc., et al.

    Jim Bullock
    Bend, Oregon

Byers, et al. v. Menu Foods, Income Fund, et al.

    Camilla Brankov
    Red Bluff (County of Tehama), California

    Kay Byers
    Irving (Dallas County), Texas

    Loren Byers
    Irving (Dallas County), Texas

Carestio v. Menu Foods Limited, et al.

    Lynn Carestio
    1 Christian Street
    Philadelphia, Pennsylvania

Carter v. Menu Foods, Inc., et al.

    David Carter
    Philadelphia, Pennsylvania

Colquitt, et al. v. Menu Foods, Inc., et al.

    Steve Colquitt
    Colorado

    Marianna Cutter
    Colorado

Conner et al. v. Menu Foods, Inc., et al.

    James Conner
    Coweta, Georgia

    Frances Nash

Conti, et al. v. Menu Foods Limited, et al.

    Chantelle Conti
    59 Myrtle Street
    Boston, Massachusetts  02114

# *P&G Pet Care- Legal*

Cheri Cutler
923 Latimer Street
Philadelphia, Pennsylvania 19107

Cunningham v. Menu Foods, Inc.

Senell Cunningham


deBarathy v. Menu Foods Income Fund, et al.

Luke de Barathy
Federal Way, Washington

Diedrich v. Menu Foods, Inc., et al.

Diana Diedrich
608 Carnival Terrace
Sebastian, Florida 32958

Freeman v. Menu Foods, Inc., et al.

Steven Freeman
1648 S.E. Green Acres Circle, Apt. EE 203
Port St. Lucie, Florida 34952

Gagliardi v. Menu Foods, Inc., et al.

Troy Gagliardi
771 N.E. 32nd Street
Boca Raton, Florida 33431

Golding v. Menu Foods Limited, et al.

Mark Golding
Pleasant Mount, Pennsylvania

Guercioni v. Menu Foods Limited, et al.

Olivia Guercioni
4 Ships Drive
Egg Harbor Township (Atlantic County), New Jersey 08234

Hidalgo v. Menu Foods, Inc., et al.

Julie Hidalgo
10486 Augusta Court
Boca Raton, Florida 33498

# *P&G Pet Care- Legal*

<u>Johnson v. Menu Foods, Inc.</u>

Christina Johnson
Tampa (Hillsborough County), Florida

<u>Long v. Menu Foods Income Fund, et al.</u>

Matt Long
Reading, (Berks County), Pennsylvania

<u>McCullough v. Menu Foods Income Fund, et al.</u>

Michele McCullough
10237 Barrands Lane
Concord, North Carolina  28278

<u>McGuriman v. Menu Foods, Inc., et al.</u>

Judy McGuriman
616 Wimbledon Lane
Hatfield, Pennsylvania  19440

<u>Nunez v. Menu Foods Limited, et al.</u>

Dinitrise Hicks
60 Grant Road, Apt.22
Folcroft, Pennsylvania

Alexander Nunez
Jackson Heights, New York

<u>Pirches, et al. v. Menu Foods Income Fund, et al.</u>

Karen Pirches
716 East Lincoln Highway
Coatesville, Pennsylvania

<u>Pittsonberger v. Menu Foods Inc., et al.</u>

Jayme Pittsonberger
Alexandria, Virginia

<u>Richard, et al. v. Menu Foods Income Fund, et al.</u>

Paul Richard
Hillman, Michigan

Jennifer Richard
Hillman, Michigan

# *P&G Pet Care- Legal*

Schneider v. Menu Foods Limited, et al.

    Peggy Schneider
    431 Leconey Avenue
    Palmyra, New Jersey 08065

Sokolwski v. Menu Foods, Inc., et al.

    Todd Sokolwski (Sokolowski)
    Enfield, (Hartford County) Connecticut

Thomson v. Menu Foods Income Fund, et al.

    Suzanne Thomson
    3379 Route 46, Apt. 9-F
    Parsippany, New Jersey 07054

    Robert Trautman
    3379 Route 46, Apt. 9-F
    Parsippany, New Jersey 07054

Tinker v. Menu Foods, Inc.

    Linda Tinker
    California

Turturro v. Menu Foods, Inc., et al.

    Kami Turturro
    150 Andrews Avenue, #8
    Delray Beach, Florida 33483

Wilson v. Menu Foods, Inc., et al.

    Larry Wilson
    Lodi, California

Workman, et al. v. Menu Foods Limited, et al.

    Jared Workman
    1150 Unit D, Monroe Drive
    Boulder, Colorado 80303

    Mark Cohen
    1415 Brighton Street
    Philadelphia, Pennsylvania 19111

    Mona Cohen
    1415 Brighton Street
    Philadelphia, Pennsylvania 19111

# *P&G Pet Care- Legal*

### New York

Bobb v. Menu Foods Income Fund, et al.

Frederick Bobb
(County of Nassau) New York

Sandra Bobb
(County of Nassau) New York

Cashman, et al. v. Menu Foods Midwest Corporation, et al.

Ciro Aiello
Suffolk County, New York

Mark Cashman
Westchester County, New York

### Ohio

Boehm v Menu Foods, Inc., et al.

Gregory Boehm
20110 Lorain Road, Apt. 317
Fairview Park, Ohio 44126

### Pennsylvania

DiCaprio v. Menu Foods Income Fund, et al.

Mary DiCaprio
225 Glen Avenue
Ellwood City, (Lawrence County) Pennsylvania 16117

Sansoni v The Procter & Gamble Company

Lanette Sansoni
661 Whittier Drive
Warminster, Pennsylvania 18974

# *P&G Pet Care- Legal*

Keller v. Menu Foods Limited, et al.

Dixie Keller
Fairfield, (Adams County) Pennsylvania

## Rhode Island

Brown v. Menu Foods, Inc., et al.

Carol Brown
Johnston, Rhode Island

## Tennessee

Bowser v. Nestle Purina Pet Care Company

Kimberly Bowser
Shelby County, Tennessee

Holt, et al. v. Menu Foods, Inc.

Lizajean Holt
Knox County, Tennessee

Donna Lefebvre
Maine

Kim Leonard
Marblehead, Ohio

Debra Leroy
Garland, Texas

Light et al. v. Menu Foods Income Fund

Janis Crawford

Barbara Light

Peggy Martin

Vickie Williams

## Washington

Adams v. Menu Foods

Michele Adams
Shoreline, Washington

# *P&G Pet Care- Legal*

Boyer v. Menu Foods

    Tony Boyer
    Twenty-Nine Palms, California

Brenton v. Menu Foods

    Norman Brenton
    Redmond, Oregon

Dineen v. Menu Foods

    Lerae Dineen
    Seattle, Washington

Eilers v. Menu Foods

    Teresa Eilers
    Brush Prairie, Washington

Guthrie v. Menu Foods

    Nancy Guthrie
    Tacoma, Washington

Heller et al. v. Menu Foods

    Stacey Heller
    Pulaski, Virginia

    Toinette Robinson
    Truckee, California

    David Rapp
    Hanover Township, Pennsylvania

    Cecily Mitchell
    Seattle, Washington

    Terrence Mitchell
    Seattle, Washington

Kornelius, et al. v. Menu Foods

    Audrey Kornelius
    Ferndale, (Whatcom County) Washington

    Barbara Smith
    Bremerton, Washington

# *P&G Pet Care- Legal*

### Johnson, et al. v. Menu Foods

Suzanne F. Johnson
Meridian, (Ada County) Idaho

Craig R. Klemann
Meridian, Idaho

### Labbate v. Menu Foods

Jason Labbate
Lindenhurst, New York

### Migliore v. Menu Foods

Laura Migliore
Queens County, New York

### Monk v. Menu Foods

Paula Monk
Lagrange, Georgia

### Moran v. Menu Foods

Gail Moran
Oak Park, (Clark County) Illinois

### Mullen v. Menu Foods

Deborah Mullen
Toluca Lake, California

### Nagel v. Menu Foods

Lynda Nagel
Pine Grove, California

### Palmer v. Menu Foods

Elizabeth Palmer
Little Falls, New York

### Percy v. Menu Foods

Helen Percy
Brighton, Massachusetts

# *P&G Pet Care- Legal*

Puett v. Menu Foods

>   Sheryl Puett
>   Mead, (Spokane County) Washington

Reeves v. Menu Foods

>   Daniel Ray Reeves
>   Federal Way, Washington

Robinson v. Menu Foods

>   Sheree A. Robinson
>   Seattle, Washington

Rusiecki v. Menu Foods

>   Jeff Rusiecki
>   Ilwaco, Washington

Shingle v. Menu Foods

>   Sandra Shingle
>   Spring Hill, Florida

Suggett et al. v. Menu Foods, et al.

>   Michele Suggett
>   Seattle, Washington

>   Don James
>   Seattle, Washington

Thomas v. Menu Foods

>   Gary Thomas
>   Cuba, Missouri

Ullman v. Menu Foods

>   Phyllis Ullman
>   Houston, Texas

Weitz v. Menu Foods

>   Linda Weitz
>   Sulphur Springs, Texas

# *P&G Pet Care- Legal*

### Whaley v. Menu Foods, et al.

Tom Whaley
Ontario, Oregon

### Whitt v. Menu Foods

Megan Whitt
Dover, Delaware

## Wisconsin

### Johnson v. The Procter & Gamble Company, et al.

Jacqueline Johnson
Wisconsin

### Pagel v. Menu Foods, Inc., et al.

Joy Pagel
3011 Elm Lane
Middleton, WI 53562

# *P&G Pet Care- Legal*

### CANADA

#### Joel v. Menu Foods Genpar Limited, et al.

Vicki Joel
Maple Ridge, British Columbia

#### Krstic, et al. v. Menu Foods Genpar Limited, et al.

Diana Krstic
Toronto, Ontario

Debbie Mullen
Leamington, Ontario

#### Landry, et al. v Menu Foods, et al.

Leona Landry
Toronto, Ontario

Danny Salvador Haig-Carter
Toronto, Ontario

Susan Mallatratt
Toronto, Ontario

#### Milette v. Menu Foods LTD, et al.

Robert Milette
Toronto, Ontario

#### Option Consommateurs, et al. v. Menu Foods Income Fund, et al.

Gerald Duc
129 Chemin du Domaine,
Alcove, Province of Quebec J0X 1A0

Option Consommateurs
L'Association D'Economie Familiaile Du Centre De Montreal
2120 Sherbrooke East, Suite 604
Montreal, Province of Quebec H2K 1C3