

**GIBBONS**

FRANCIS MCGILL HADDEN
Director

Gibbons P.C.
1700 Two Logan Square
18th & Arch Streets
Philadelphia, Pennsylvania 19103-2769
Direct: (215) 446-6275 Fax: (215) 446-6305
fhadden@gibbonslaw.com

July 5, 2007

**OVERNIGHT MAIL**
The Honorable Noel L. Hillman
United States District Court,
District of New Jersey
Mitchell H. Cohen U. S. Courthouse
Room 6020
1 John F. Gerry Plaza
Camden, NJ 08101

RECEIVED

JUL ‑ 9 2007

NOEL L. HILLMAN
U.S. DISTRICT JUDGE

    Re:    <u>Sokolowski v. The Iams Company, et al.</u>
              United States District Court
              Case Number 1:07-cv-1709
              Our File No. 106344-59701

Dear Judge Hillman:

This letter reports on discussions held between Iams and plaintiffs' counsel regarding ongoing company communications with customers who have contacted Iams regarding the Menu Foods Recall. We are pleased to advise that we have reached agreement regarding those communications. Plaintiffs' counsels' agreement is represented by Mr. Paul's signature on this letter. This letter outlines the agreement and attaches copies of the agreed-upon communications. In light of the agreement, Iams anticipates that plaintiffs will withdraw the pending Motion for Protective Order. Iams also plans to end its voluntary suspension and recommence the settlement portion of its reimbursement program on Monday, July 9, 2007.

The first letter attached (Exhibit A) will be addressed to customers who sought reimbursement and subsequently received a check from REM containing the erroneous language. The letter makes clear that the language was a mistake, that the check does not represent a settlement and that customers do not give up any potential claims they may have against the company by cashing the check.

The second letter (Exhibit B) will be addressed to customers who seek reimbursement and who have in the past received or submitted a release. This letter advises customers of the existence of the class action litigation, provides additional information about potential claims, the impact of settlement and other legal rights to enable customers to make informed decisions based upon several options, and suggests that customers consult with counsel regarding any questions they may have on these matters.

The third letter attached (Exhibit C) will be addressed to customers who seek and receive reimbursement for veterinary bills without being asked to sign a release or otherwise give up any

## GIBBONS P.C.

The Honorable Noel L. Hillman
July 5, 2007
Page 2

potential claims they may have against the company. The letter advises that accepting reimbursement does not effect their rights in any way.

The fourth letter attached (Exhibit D) will be addressed to customers who seek and receive reimbursement for veterinary bills now and possibly, in addition, in the future and similarly advises that accepting reimbursement does not effect their rights in any way.

Iams is confident that the agreed-upon communications are appropriate under the law and meet or exceed all legal requirements. This agreement will enable Iams to continue to fulfill its mission to support its customers and communicate with them during this difficult time. We are pleased that the parties have reached agreement on these issues and look forward to recommencing our program.

Thank you for the Court's consideration. We remain available to provide additional information or answer any questions Your Honor may have.

Respectfully submitted,

GIBBONS P.C.

Francis McGill Hadden
Director

BERGER & MONTAGUE, P.C.

Russell D. Paul

FMH/mah
Attachments

cc: Brian Wright, Esquire (via e-mail)
   D. Jeffrey Ireland, Esquire (via e-mail)
   Bruce Newman, Esquire (via e-mail)
   Lisa Rodriguez, Esquire (via e-mail)
   Joseph DePalma, Esquire (via e-mail)
   Mark J. Tamblyn, Esquire (via e-mail)
   Scott Kamber, Esquire (via e-mail)

#1209098 v1
106344-59701

**EXHIBIT A**

# [THE IAMS COMPANY]

Dear _____:

This letter follows up on a check that we sent you previously as reimbursement for veterinary and other expenses associated with your purchases of recalled Iams or Eukanuba products. The check incorrectly stated on its face that it was "for full and final settlement." Iams does not intend the check to represent the full and final settlement of any claim you might have regarding our recalled products, but only reimbursement for your veterinary and other expenses. You have not released any claims you may have against any Company, including The Iams Company or The Procter & Gamble Company, by accepting reimbursement. Cashing the check does not affect your rights in any way. After cashing this check, you may still seek to recover additional amounts by either participating in a class action or by bring your own action related to the recalled pet food.

We cannot give you any legal advice. If you have any questions about this letter or the check you received, please consult an attorney. If you are currently represented by an attorney, please do not contact us but forward this letter to the attorney who should feel free to contact us directly.

Sincerely,


Marti Hissong
Manager Consumer Relations
Iams/Eukanuba


Error! Unknown document property name.Error! Unknown document property name.

# EXHIBIT B

Re: Important Notice to Customers of Legal Rights

Dear:

This letter supplements earlier communications we had concerning your claim for reimbursement. While our earlier communications explained P&G Pet Care's reimbursement program, this letter provides additional information about your legal rights. This letter does not offer legal advice, but rather it contains additional information so that you may make an informed decision about your options. If you have any questions, then please contact an attorney.

If you are currently represented by a lawyer regarding any claim you may have in this matter, then it is not appropriate for us to communicate with you about your case. If you are represented by a lawyer, you received this letter because we were not aware of that representation, and we ask that you please pass this letter along to your lawyer immediately and ask your lawyer to respond to the letter. If you are contacted by us (whether by phone or email) at any time after you are represented by a lawyer, then please state that you are represented by a lawyer, end the contact, and inform your lawyer.

You have already contacted us and we either have responded or currently are responding to your claim; however, there are options that you may want to consider and discuss with an attorney before you settle your claim with us.

First, you may be eligible to participate in a class action lawsuit. The recall of various pet food products has led to numerous class action lawsuits filed in federal and state courts throughout the United States and Canada. It is our expectation that those federal class actions will soon be consolidated into a single action in the United States District Court for the District of New Jersey and are referred to as In re Pet Food Products Liability Litigation, MDL Docket No. 1850. If a class action lawsuit moves forward and your pet was harmed by the recalled pet food, you may be eligible to share in any recovery achieved in that class action. The recovery sought by plaintiffs in the class action includes the initial veterinary expenses incurred by pet owners. Also, plaintiffs may seek other expenses, including emotional distress, continued veterinary expenses and medical monitoring of your pet, autopsy and funeral expenses, although the recovery of these additional categories of expenses may vary from state-to-state.

If you wish to participate in a class action lawsuit instead of seeking settlement directly from P&G Pet Care, then it is not necessary for you to do anything at this time and it is important that you should not sign or return the release that we sent you earlier. If you already signed and returned a release but you now wish to participate in a class action lawsuit, then please sign the attached form and return the form and any payment you received from P&G Pet Care in the enclosed self-addressed envelope. If you return the attached form and the payment you received from P&G Pet Care, then we

will not enforce any release that you signed and returned previously and you will retain any potential claims you may have against P&G Pet Care. You may then be eligible to participate in the class action lawsuits or resolve your claim with P&G Pet Care in the future. You may contact an attorney of your choice to discuss your legal options at any time.

Second, P&G Pet Care remains committed to settling claims by paying its customers for any reasonable expenses incurred as a result of dogs and cats consuming one of our products that was recalled and you may resolve your claim directly with P&G Pet Care. If you wish to do so and have already signed and returned a release and received money, then it is not necessary for you to do anything more. You may wish, however, to discuss with an attorney whether the amount of money you received is adequate. If you have not signed and returned a release and you wish to continue to seek a settlement directly from P&G Pet Care in full and final settlement of your claims, then return the release to us in the enclosed self-addressed envelope and we will send you a settlement check in the amount stated in our previous letter. Again, you may wish to speak with an attorney before doing so. Please note that if you sign a release and accept a settlement directly from P&G Pet Care, then you will be releasing all claims relating to any damages sustained as a result of the Menu Foods recall and you may not be permitted to participate in the above-mentioned class action lawsuits.

Third, you can retain your own attorney to pursue your own case regarding the recalled pet food.

Finally, you can do nothing. You are not required to seek reimbursement from P&G Pet Care or to contact any attorney associated with the class actions. Even if you do nothing at this time, you may be eligible to participate in a class action in the future.

If you have any additional questions regarding the full extent of your options, then you should speak to an attorney. If you are currently represented by an attorney, then please forward this communication to them immediately and ask your attorney to contact us directly.

Again, we are deeply saddened by your pet's illness.

Sincerely,


Marti Hissong
Manager Consumer Relations
Iams/Eukanuba

**EXHIBIT C**

Dear _____:

First and foremost, we want to repeat our profound regret for the loss of your pet. We appreciate your patience in this difficult situation.

While the cause of the reported illnesses has not been definitively determined, we are reimbursing your veterinarians bills associated with the Menu Foods recall. Payment in the amount of _____ has been requested and you should receive a check within the next six weeks. Cashing the check does not affect your rights in any way.

Again, we are deeply saddened by the loss of your pet.

Sincerely,


Marti Hissong
Manager Consumer Relations
Iams/Eukanuba

# EXHIBIT D

Dear _____:

First and foremost, we want to repeat our profound regret for the loss of your pet. We appreciate your patience in this difficult situation.

While the cause of the reported illnesses has not been definitively determined, we are reimbursing your veterinarians bills associated with the Menu Foods recall. Payment in the amount of \_\_\_\_\_ has been requested and you should receive a check within the next six weeks. Cashing the check does not affect your rights in any way.

Should a health concern arise in the next four months, we will consider providing reimbursement for veterinarian bills that are demonstrated to be linked to the Menu Foods recall. Please use the following toll-free number, (800) 782-0923, to contact us during the next four months for consideration for reimbursement.

Again, we are deeply saddened by the loss of your pet.


Sincerely,


Marti Hissong
Manager Consumer Relations
Iams/Eukanuba