**BLIM & EDELSON, LLC   ATTORNEYS AT LAW**

THE MONADNOCK BUILDING · 53 WEST JACKSON BOULEVARD
SUITE 1642 · CHICAGO, ILLINOIS 60604

TEL: (312) 913-9400
FAX: (312) 913-9401
WWW.BLIMLAW.COM

June 27, 2007

The Honorable Noel L. Hillman
United States District Court; District of New Jersey
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza; Room 6020
Camden, NJ 08101

1709

Re:   *Sokolowoski v. Menu Foods Limited*, No. 07-CV-~~1338~~

Dear Judge Hillman:

Yesterday afternoon I received the briefs concerning a pending emergency motion for a protective order concerning The Iams Company ("Iams"). My firm similarly had been investigating the issue of whether Iams was improperly communicating with represented individuals. Based on the results of that investigation, we do not share the concerns voiced by Plaintiff Todd Sokolowski.

Although many of my firm's clients have interacted with Iams, it appears as though Iams has been careful to avoid speaking to people who are represented by counsel. I have uncovered only one example to the contrary, and even there, the facts seem to support Iams' overall position. Approximately two weeks ago, one of our clients reported to me that a woman from REM (Iams' claims adjuster) had called her home and questioned her husband about the loss of her pet. At the end of the conversation, REM's representative asked my client's husband whether my client was represented by counsel. When he said that she was, the REM representative apologized, admitted that she should have begun with that question, and invited me to telephone her.

I accepted the invitation and telephoned REM. The woman I spoke to admitted all of the pertinent facts stated above. She appeared forthright and apologetic. She said that she had been instructed not to speak to represented individuals and that "she is only human" and had made a mistake. She further confirmed that Iams would not use any information she had gathered and would make no further attempts to contact my client. I told her I was satisfied with her explanation.

Based on this experience, and in speaking to numerous other clients of my firm, I do not understand Iams to have engaged in bad faith or acted otherwise improperly. We have contacted other firms that represent large numbers of clients who have told us that they have similar views.

I further question the "emergent" nature of Sokolowski's filing – coming immediately after the issuance of the JPML's assignment order. By doing this unilaterally and at this speed, it appears that Sokolowski's counsel has filed this motion more for the purpose of positioning than for any substantive reason.

That being said, I do not profess to speak for all of individuals pursuing claims against Iams. They very well may have different experiences. Nevertheless, I thought this letter might be helpful to the court.

Respectfully,

/s/ Jay Edelson

Jay Edelson